Leroy ADAMS, Appellant,

v.

Joan ADAMS, Appellee.

No. 15642.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 11, 1970.

Milton H. Mulitz, Houston, for appellant.

H. J. Bernard, Joy F. Vandervort, Bernard & Bernard, Houston, for appellee.

COLEMAN, Justice.

This is a suit for divorce tried to the court without a jury. Appellee was granted a divorce, and appellant was required to make periodic payments for the support of Jeannie (Cammack) Adams, a minor child. The property rights of the parties were settled by agreement. Appellant had confined his appeal to points attacking only that part of the judgment decreeing child support.

Appellee was divorced from Thomas Cammack on March 16, 1961. Jeannie (Cammack) Adams was born July 27, 1961. Her birth certificate shows her name to be Jeannie Estelle Cammack. Joan Adams and Leroy Adams entered into a ceremonial marriage on February 6, 1965.

Joan Adams was the only witness to testify at the trial. She testified that she separated from Cammack on or about September 15, 1960. She filed suit for divorce and, on October 4, 1960, the court issued a temporary restraining order prohibiting Cammack from seeing her or interfering with her in any manner. This order continued in effect until the divorce was granted.

Appellee testified that she did not have sexual relations with Cammack, or any person other than appellant after September 15, 1960. She began cohabiting with appellant in October, 1960, and continued to live with him pending her divorce from Cammack. She continued to live with him as husband and wife thereafter until sometime prior to the instant suit.

Following the birth of Jeannie appellant took appellee and the child to his mother's house "where she was received into the family." A baptismal certificate and a dance program were exhibited to the court showing that Jeannie bore the name Jeannie Estelle Adams. Appellee explained her action in naming the child in the birth certificate by stating that she was under heavy sedation at the time, and that she was then using the name "Cammack" in connection with her business.

■ The evidence shows that appellee was pregnant at the time of her divorce from Cammack. When the child was born, appellee was not married unless she had contracted a common law marriage with appellant. The trial court did not find that such a marriage was contracted, and the evidence will not support an implied finding to that effect. Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124 (1913); Cain v. Caine, 314 S.W.2d 137 (Tex.Civ.App.-Waco 1958).

■ The evidence shows that an illicit and meretricious relationship was established between appellant and appellee prior to her divorce from Cammack. The evidence will not sustain an inference that there existed a putative marriage. Defferari v. Terry, 128 Tex. 521, 99 S.W.2d 290 (Tex.1936).

■ There was no evidence to show a change in the relationship after appellee's divorce from Cammack and prior to her ceremonial marriage to appellant. There is a presumption that a child conceived during a valid marriage is a child of that marriage. Burtis v. Weiser, 195 S.W.2d 841 (Tex.Civ.App.-Beaumont 1946, error ref.); Gravley v. Gravley, 353 S.W.2d 333 (Tex.Civ.App.-Dallas 1962).

■ Since there is no proof sufficient to support a finding that appellant and appellee had contracted a common law marriage at the time of the birth of the child, it is presumed that she is the legitimate issue of the marriage of appellee and Thomas Cammack.

■ The facts testified to tending to show nonaccess on the part of Cammack were not properly received in evidence and cannot be considered even though they were received without objection since this testimony, if believed, would establish that the child was illegitimate. Esparza v. Esparza, 382 S.W.2d 162 (Tex.Civ.App.-Corpus Christi 1964); Lawson v. Baker, 351 S.W.2d 571 (Tex.Civ.App.-Houston 1961); Gonzalez v. Gonzalez, 177 S.W.2d 328 (Tex. Civ.App.-El Paso 1943).

This is not a case to determine whether the child in question was the legitimate issue of a marriage in existence either at the time of conception or at the time of the birth, as was the case in Gravley v. Gravley, 353 S.W.2d 333 (Tex.Civ.App.-Dallas 1961).

■ The fact of nonaccess of a husband to his wife may be shown by circumstantial evidence and by the testimony of witnesses other than the husband or wife. Lawson v. Baker, supra. The only evidence of probative value recited in the agreed statement of facts concerns the restraining order issued in the divorce action between appellee and Thomas Cammack. The probative force of this evidence standing alone is not sufficient to support the judgment of the trial court. The findings of fact filed by the trial court show that he considered the testimony of appellee bearing on the issue of nonaccess. In this respect the trial court erred. Esparza v. Esparza, supra.

Appellee contends that appellant is estopped to assert error in the judgment of the trial court in that he has accepted the benefits of the decree. She relies on Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950). There the Supreme Court of Texas stated that "a litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." In Carle a commissioner was appointed to sell certain community property. The property was sold and the appellant accepted his share of the proceeds as decreed by the trial court. If he succeeded in his appeal his wife's rights in the partition of their joint property on a new trial might have been prejudiced by this action. The commissioner's action was reported to the trial court and these proceedings were · before the appellate courts by way of a supplemental transcript.

Here appellee has filed a motion to dismiss supported by an affidavit showing that appellant has remarried and has failed to make the child support payments required by the judgment. A certified copy of a marriage certificate and an unsworn statement of the Juvenile Probation Department are attached to the affidavit.

The area within which this Court is authorized to hear testimony, or to consider affidavits or evidence not found in the record of the proceedings in the trial court, is narrow. It appears to be limited to instances where it is necessary to ascertain facts affecting the jurisdiction of this Court, or the enforcement of its orders and the orders of the trial court in a case after our jurisdiction has attached. The motion to dismiss is denied.

The judgment of the trial court, insofar as it decreed a divorce, is affirmed. That part of the judgment determining the custody of the child, visitation rights, and child support, is reversed, severed and remanded.