**William T. ZIMMERMAN, Appellant,**

v.

**Sherry Lynn ZIMMERMAN (Jones),**
**Appellee.**

**No. 697.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 22, 1972.

provide for the support and maintenance of his or her child or children under eighteen (18) years of age. Such suit may be brought by either parent and shall be brought in the county where the said children actually reside."

■ The parties were married on August 5, 1966. They lived together as husband and wife, except for a short period of separation, until August, 1968. Although the exact date of appellant's departure from Harris County was in controversy, it is undisputed that appellant moved to Clark County, Nevada, sometime during August, 1968, where he established his residence and obtained a decree of divorce from the appellee on November 22, 1968. The child, whose custody and support appellee seeks in this cause, was born on May 18, 1969, or almost six months subsequent to the date of the divorce decree. Appellant, in his answer, specifically denies that he is the father of the child. However, the trial court judgment, drawing the appropriate legal conclusion from the jury's findings, declares that the appellant is the child's legal father. The two jury findings are that the child was conceived during the marriage of the parties and that the appellant had access to the appellee, access being defined as such access as affords an opportunity for sexual intercourse. See Burtis v. Weiser, 195 S.W.2d 841 (Tex.Civ.App.—Beaumont 1946, writ ref'd). It should be noted that an affirmative finding of access was unnecessary as only an affirmative finding of non-access (or impotence) would overcome the presumption that the child was the legitimate issue of the lawful marriage during which it was conceived. Esparza v. Esparza, 382 S.W.2d 162 (Tex. Civ.App.—Corpus Christi 1964, no writ).

The trial court granted custody of the child to appellee and ordered appellant to make monthly payments for the child's support.

■ In his first point of error appellant contends that the trial court was without jurisdiction of the subject matter in this

Hollis Cordray, Walter H. Horne, Law Office of J. Edwin Smith, Houston, for appellant.

Joe Hegar, Bill Richards, Houston, for appellee.

SAM D. JOHNSON, Justice.

This is a suit brought by appellee Sherry Lynn Zimmerman against her former husband, appellant William Thomas Zimmerman, for the custody and support of their minor child. The suit is based on the provisions of Vernon's Tex.Rev.Civ.Stat.Ann. art. 4639c, sec. 1 (1959) which reads as follows:

"When the marriage relation no longer exists as a result of divorce action in a foreign jurisdiction, in which the court granting the decree was silent as to custody and support of a child or children under eighteen (18) years of age, a suit for the custody and support of such child or children may be brought in the district court against any parent who fails to

cause. He bases this contention on two alternative grounds. First he argues that this suit is one to establish paternity and that the statute which created the Court of Domestic Relations No. 2 for Harris County, Texas does not grant jurisdiction over such litigation. We disagree. This is not primarily a paternity suit but rather a suit brought pursuant to Tex.Rev.Civ.Stat.Ann. art. 4639c (1959) for support and maintenance of a minor child. The determination of paternity is simply a collateral matter and not the ultimate purpose of the suit. The statute which created the Court of Domestic Relations No. 2 for Harris County, Texas, Tex.Rev.Civ.Stat.Ann. art. 2338–11 (1959) is amply broad to encompass the subject matter of the suit, including collateral issues such as paternity. The statute provides in Section 3, the pertinent part thereof, that:

"The Court of Domestic Relations No. 2 for Harris County . . . shall have the jurisdiction concurrent with the District Courts in Harris County . . . of all divorce and marriage annulment cases, including the adjustment of property rights and custody and support of minor children involved therein . . . and any and every other matter incident to divorce or annulment proceedings as well *as independent actions involving child custody or support of minors . . . and all other cases involving justiciable controversies and differences between spouses, or between parents . . .* which are or may hereafter be, within the jurisdiction of the District or County Courts . . ` . . ." (Emphasis added.)

As an alternative attack on the jurisdiction of the trial court, appellant argues that the Nevada court which granted the parties' divorce still retains jurisdiction of the question whether there were any children born of this union. This is based on the contention that the Nevada court affirmatively found that there were no children born of the marriage and consequently appellee could obtain child support only

by seeking modification of the divorce decree in the Nevada court. Appellant argues that full faith and credit must be given to the foreign judgment.

Upon examination of the record, we find among the exhibits certified copies of the papers filed in the Nevada proceedings. In the Complaint for Divorce it is alleged that "There are no minor children the issue of said marriage." In the Decree of Divorce the Nevada Court finds "that all of the allegations of Plaintiff's Complaint are true." Also among the papers is the Reporter's Transcript of the testimony heard by the Nevada Court. At no time was there any mention whatsoever of children of the marriage. Particularly, there was no mention of expectancy of issue of this marriage which might be later born. Mr. Zimmerman was simply asked whether the allegations in his complaint were true and correct to which he replied, "Yes, sir."

We cannot agree that the requirements of full faith and credit deprived the court below of jurisdiction in this case. We seriously doubt that it can be said that the Nevada court actually adjudicated the issue of whether there were children born of this marriage. However, even if the statement in the Decree of Divorce, concerning the allegations of the complaint, constitutes a finding as to children, it speaks from the date of the judgment. On that date there were no children born of the marriage. The trial court here simply sought to determine if, subsequent to the Nevada divorce decree, a child, conceived during the marriage was born. As the Nevada divorce decree was silent as to the existence, custody or support of this issue, appellee was entitled to bring suit for appropriate relief in the Texas county where the child now resides. Tex.Rev. Civ.Stat.Ann. art. 4639c (1959). We conclude that there has been no violation of the constitutional requirement of full faith and credit. The trial court did have jurisdiction of this cause; consequently, appellant's first point of error is overruled.

In appellant's second point of error he complains that the trial court erred by commenting upon the weight of the evidence. The alleged comment occurred when the following question was asked of appellant by his counsel:

"Q You heard Mrs. Zimmerman's . . . Mrs. Jones' testimony you had sexual relations with her up until about August 20th or August 13th or August 12th. Is that true?

A No, sir, it is not."

The court, after a bench conference, gave the following instruction to the jury:

"The objection will be sustained to the last question and answer. The jury is instructed to completely and absolutely disregard the question and answer just put to the witness. Put it out of your mind. The rule of evidence in Texas is that neither parent may testify in a manner that tends to bastardize a child. You will get some more instructions on that in the Court's Charge, but I think you are entitled to at least that much of an instruction at this point. The objection to the question is sustained."

■ At this point appellant moved for mistrial which was overruled. Subsequently the court gave a further instruction to the jury as follows:

"Ladies and Gentlemen, in giving you the previous instructions with respect to the Court's ruling on the question put to Mr. Zimmerman, I undertook to tell you why the objection was sustained. If anything I said suggested—the use of any word or tone of my voice, inflection of my voice—let me put it to you this way. On giving the instructions to you, I believe I said the law in Texas is that neither parent may testify in a manner that tends to bastardize the child. Of course, by using the word 'parent', I don't mean to suggest to you anything, I am trying to summarize what the law is. I don't know who the parents of this child are, you are going to have to decide that, you will have to decide that after you have heard all the evidence under the instructions of the Court. I am not going to decide this case, you are going to decide it, and it is decided after you have heard all the evidence. Don't let anything I say suggest I am interfering in your business, because it is your business, and what you do is your business on the facts of the case as you follow the law. Do you each understand that? All right, Mr. Cordray."

We think the latter instruction of the court was sufficient to cure any error there may have been in the nature of a comment. In any event, we cannot say that the "error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case . . .". Tex.R. Civ.P. 434. The point of error is overruled.

■ Appellant's third point of error is as follows:

"THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTIONS TO THE COURT'S CHARGE AND ERRED BY REFUSING APPELLANT'S MOTION FOR DIRECTED VERDICT."

This point of error is multifarious and does not comply with the rules of appellate briefing. Tex.R.Civ.P. 418(b). The point does not direct the attention of the Court to any particular error relied upon and is overruled.

■ Appellant's final assignment of error complains of the appointment of an attorney ad litem to represent the parties' minor child, the award of a fee to this attorney and the taxing of this fee as costs of court. If there was any error in this regard (and we do not so hold), it was invited error since appellant himself requested that the appointment be made. How-

ever we cannot consider the point as we note that there is no such assignment of error in appellant's motion for new trial. Since this case was tried before a jury, an assignment of error in the motion for new trial was a prerequisite to appeal. Tex.R. Civ.P. 324.

The judgment of the trial court is affirmed.