Julia YOUNG, Appellant,

v.

Lee YOUNG, Appellee.

No. 16792.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 23, 1976.

Rehearing Denied Jan. 27, 1977.

W. N. Shaw, Freeport, for appellant.

Wommack & Hardin, Ben Hardin, Lake Jackson, for appellee.

COLEMAN, Chief Justice.

This is an appeal from that portion of a divorce decree requiring appellee to pay child support for only one of the three children born to his wife during the term of their marriage. The evidence established that appellee was the father of only one of the three children. The trial court concluded that appellee had no duty of support for the other two children. The appellant contends that appellee is the father of all three children by virtue of Article 12.02, Texas Family Code, and therefore has a duty to support all three of the children.

Three children were born during the marriage of Julia Young and Lee Young. Two of them were born while Lee Young was in prison. The evidence establishes, and the trial court found, that Lee Young was not the biological father of the two younger children.

Texas Family Code, Section 12.02 (1973) provides:

"(a) a child is the legitimate child of a man if the child is born or conceived before or during the marriage of his mother and the man."

If this provision of the Family Code is applied literally a stepfather would in every case become the legal father of his stepchildren. The "man" would become the "parent" for the purposes of the Family Code of a child even though he wasn't the biological father, if the child was born or conceived before or during the marriage of his mother and the man. See History of the Family Code, 5 Tex. Tech. Law Review 267, 415.

As a general rule an unambiguous statute would be applied according to its literal terms. *Board of Insurance Commissioners v. Guardian Life Insurance Company*, 142 Tex. 630, 180 S.W.2d 906 (1944). However, a statute will not be given effect according to its literal terms if the result

would be entirely unreasonable and out of accord with justice. *Brown & Root v. Durland,* 126 Tex. 20, 84 S.W.2d 1073 (1935). Nor will a statute be interpreted literally if such an interpretation would lead to an absurd result. 53 Tex.Juris.2d, Statutes, § 135.

■ A statute should be construed so as to carry out the legislative intent, and when such intent is once ascertained, it should be given effect, even though the literal meaning of the words used therein is not followed. *Wood v. State,* 133 Tex. 110, 126 S.W.2d 4 (1939).

■ A literal application of Section 12.02 would render certain other provisions of the Family Code surplusage. For example, Section 12.03(a) provides:

"If a husband consents to the artificial insemination of his wife, any resulting child is the legitimate child of both of them. The consent must be in writing and must be acknowledged."

Section 16.03(c) and (d) as well as Section 16.05 contemplate the adoption of one spouse's child by the other spouse. The Supreme Court of Texas considered a number of the sections of the Family Code including Sections 12.02 and 12.04 in seeking to determine whether or not the rights of a biological father had been abused. The court held that the alleged father of an illegitimate child is entitled by Section 11.09 to service of citation upon the commencement of any suit affecting the parent-child relationship between the child and the mother or any other person. The court held:

"The father then may seek voluntary legitimation under Sec. 13.01 . . . ."
*In the Interest of K, a baby girl,* 535 S.W.2d 168 (Tex.1976).

If Section 12.02 should be interpreted literally then the child might be considered the legitimate offspring of two different men.

■ The purpose of the legislature in enacting Section 12.02 was to make clear that the child of a man and a woman is a legitimate child if it is born or conceived before or during the marriage of its mother and father. It must be noted that in 1975 Section 12.02 was amended to substitute the word "father" for the word "man" in paragraph (a) thereof.

■ At common law a child born during a valid marriage is presumed to be the legitimate child of the parties to that marriage. *Burtis v. Weiser,* 195 S.W.2d 841 (Tex.Civ.App.—Beaumont 1946, writ ref.). This presumption can be overcome by proof of non-access. *Zimmerman v. Zimmerman,* 488 S.W.2d 184 (Tex.Civ.App.—Houston [14th] 1972, no writ). The trial court did not err in finding that the two children were not legitimate children of the marriage of Julia Young and Lee Young.

■ There is evidence that Lee Young requested Julia Young to place his name on the birth certificate of the second child as father. This was done. Thereafter Lee Young was released from prison on parole and lived with Julia Young, Jacqueline Young, his daughter, and Felishia Young. During the approximate one year period that he lived with them he treated Felishia no different than he did Jacqueline. Based on these facts Julia Young contends that Lee Young would be legally liable to support Felishia under the doctrine of adoption by estoppel.

An agreement to adopt is a necessary element of adoption by estoppel. *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972 (1951). The existence of such a contract may be proved by the acts, conduct and admissions of the parties and other relevant facts and circumstances. *Cavanaugh v. Davis,* supra. The facts recited above do not furnish a sufficient basis in evidence to require an inference that Julia Young and Lee Young had agreed that Lee Young should adopt Felishia as his child. Neither party was asked whether or not there was an agreement to adopt. Both were competent to testify at the trial. Under such circumstances the evidence would need to be strong indeed to support an inference of an agreement to adopt.

The trial court did not err in ordering child support for only the child of which Lee Young was the biological father.

The judgment is affirmed.