Maria Carson NAPIER, Appellant,

v.

Harold NAPIER, Appellee.

No. 6619.

Court of Civil Appeals of Texas, El Paso.

Aug. 10, 1977.

Peter Torres, Jr., San Antonio, for appellant.

Don W. King, Jr., San Antonio, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal from a judgment of divorce questions that part of the judgment which found that Appellee was the father of the child born to the Appellant prior to their marriage. We affirm the judgment of the trial Court.

The minor child was born August 7, 1970, and the parties were married in November of 1975. The judgment appealed from is the second judgment entered in the cause. The appellant brought the suit for divorce and alleged that there were no children of the marriage. Appellee filed no answer to this petition, and on July 7, 1976, judgment was entered granting the divorce and containing a finding that no children were born of the marriage. Appellee filed a motion for new trial alleging that due to mistake of fact and error of counsel, no findings were made with regard to the minor child born to the Appellant and Appellee prior to the marriage of the parties. It was further alleged that there was currently pending a voluntary legitimation proceeding under Chapter 13 of the Texas Family Code wherein Appellee, Harold Napier, is seeking to voluntarily establish himself as the legitimate father of the child. It was further alleged that in view of the marriage of the parties subsequent to the birth of the child, this issue should have been before the divorce Court. A new trial was granted on July 28th setting aside the judgment in its entirety and ordering the matter retried on August 10th. On that date, a trial was had and the issue fully litigated as to the paternity of the child, and the judgment of that date is the one here appealed from.

By her first point of error, Appellant says that there are no pleadings, no evidence, and insufficient evidence to support the finding that the minor was the child of the parties.

We are of the opinion that the sufficiency of the pleadings does not present reversible error. First, for the reason that the motion for new trial set forth the matter to be litigated, and she thereafter appeared and fully litigated the issue with no objection to the status of the pleadings and no objection to the evidence offered. In fact, in the trial from which this appeal is taken, in presenting her case in chief, it was

brought out that her counsel had told her that the previous judgment had been set aside and a new trial granted which involved the minor child. She then testified that she had the child prior to her marriage and its birth certificate was introduced with only her name on it as a parent. She testified that she went with the Appellee before they were married; had sexual relations with him; that he accepted the child as his own; that she was a registered nurse and knew when the child should have been conceived and that during the month that it should have been conceived, she had sexual relations with the Appellee but she also had sexual relations with other men; and that she did not know whether the Appellee was the father of her child or not. All of this evidence was presented by Appellant in her case in chief under questioning of Appellant by her counsel on direct examination. Thereafter, Appellee presented evidence on the issue without any objection by Appellant. Clearly, any insufficiency in the pleadings are waived.

■ There are two statutory provisions of our law which cover the situation presented here. Tex.Prob.Code Ann. Sec. 42 in part provides:

"* * * Where a man, having by a woman a child or children shall afterwards intermarry with such woman, such child or children shall thereby be legitimated and made capable of inheriting his estate. * * *"

We are unable to agree with Appellant's construction of that Statute to mean that it legitimizes for purposes of inheritance only. The use of the word "and" makes the provision read that it does both, it legitimizes and provides for inheritance. *Scott v. State,* 501 S.W.2d 96 (1973), is a case by the Court of Criminal Appeals of Texas in which inheritance was not involved; under this Section 42, the one who married the mother after the birth of the child was held to be the father of the child and he was prosecuted for wilful neglect to provide for the support of the child.

■ Section 12.02 of the Texas Family Code, as amended in 1975, provides:

"A child is the legitimate child of his father if the child is born or conceived before or during the marriage of his father and mother."

It has been held that this Statute is not to be given its literal meaning in determining whether the husband was the father of the child or not. *Young v. Young,* 545 S.W.2d 551 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ dism'd). We agree with that interpretation of the Statute, and as applied to this case, it would mean that the fact of the child being born before marriage and the fact of marriage would not alone make Appellee the father.

■ Appellant has not separately stated her "no evidence" and "insufficient evidence" points and has briefed them together, but we will consider them, and in doing so we have followed the well established rules as to determination of the legal sufficiency and the factual sufficiency of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). There is substantial evidence admitted to show that Appellee is the natural father: the blood tests, though inconclusive, show that Appellee could be the father; a photograph of the child and Appellee together show a likeness or resemblance of the two; there was testimony by various witnesses that the Appellant had referred to Appellee as the father of her child; and there was evidence by both parties as to sexual relations nine months before the child was born. The evidence supports the trial Court's finding that Appellee is the father of Appellant's child.

■ Appellant also urges that the trial Court abused its discretion in granting Appellee a new trial. An order granting a new trial is not appealable. *Plummer v. Van Arsdell,* 117 Tex. 200, 299 S.W. 869 (Tex.Com.App.1927, opinion adopted). Tex. R.Civ.P. 320 provides that new trials may be granted for good cause. As concerns the grounds for the new trial, the Court is not restricted to those grounds set out in the motion, but may grant a new trial on its own motion and does not have to give its reasons for granting a new trial. *Brown v.*

*American Finance Co.,* 432 S.W.2d 564 (Tex. Civ.App.—Dallas 1968, writ ref'd n. r. e.). Discretion of the trial Court in granting or denying a new trial should not be disturbed on appeal except for manifest abuse of discretion. *Neunhoffer v. State,* 440 S.W.2d 395 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.). Appellant has not shown such a manifest abuse of discretion.

The judgment of the trial Court is affirmed.