## Thomas L. WALTERS, Appellant,

### v.

## Linda K. WALTERS, Appellee.

### No. 12707.

Court of Civil Appeals of Texas, Austin.

May 3, 1978.

Keith E. Kisner, Law Offices of M. N. Garcia, Austin, for appellant.

Fred McLeroy, Travis County Legal Aid and Defender's Society, Austin, for appellee.

O'QUINN, Justice.

This appeal is from an order of district court requiring appellant to pay child support.

Thomas L. Walters, the appellant, and Linda K. Walters, appellee, were married on November of 1954 and were divorced in November of 1972. At that time custody of the five children of that marriage was awarded to appellant. Later appellee sought custody of the three girls, but at the hearing leading to the court's final order in June of 1977, only one child was still a minor subject to custody orders.

Appellant contends that the trial court erred in finding that the divorce decree of November, 1972, was *res judicata* as to the issue raised below by appellant that he was not the natural father of the child born in November of 1967 during the marriage.

The trial court filed findings of fact and conclusions of law in which the court found that the child is a child of the marriage of the parties. The court concluded (1) that the divorce decree has a *res judicata* effect as to the issue of whether the child is a child of the marriage; (2) that there was some legally sufficient evidence, which, except for the effect of the doctrine of *res judicata* could establish that appellant is not the natural father of the child.

■ The doctrine of *collateral estoppel,* or as sometimes phrased *estoppel by judgment,* constitutes a rule which bars relitiga-

tion, in a subsequent suit upon a different cause of action, of the fact issues actually litigated in the earlier suit which were essential to the prior judgment. *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361, 362 (Tex.Sup.1971); *Kirby Lumber Corporation v. Southern Lumber Company*, 145 Tex. 151, 196 S.W.2d 387, 388 (1946). The litigation on appeal falls within the doctrine and rule of law.

At the time the divorce was granted in 1972 Article 4639a, V.A.C.S. (repealed by Acts 1973, 63rd Leg., p. 1458, ch. 543, sec. 3, eff. Jan. 1, 1974), was in effect. That statute provided that no court could hear a divorce action unless the name, age, sex, and residence of every minor child born of the marriage was included in the petition, or, in the alternative, the petition contained a statement that there were no children of the marriage. The statute made it the duty of the trial court to determine the names, ages, and sex of all children born of the marriage and to provide by order for their care, custody, and support. The finding that the child who is the subject of this appeal was a "child born of the marriage" was a fact issue actually litigated and essential to the prior judgment.

It is noted that appellant brought the original divorce action and elected not to make an issue of whether he was the natural father of the child. In fact, as petitioner in that action appellant alleged that the subject child, as well as the other four children, were "born of this marriage," and sought custody of all five children. A decree in child custody matters under Article 4639a was final and *res judicata* in the sense that the *facts* upon which the decree was entered may not be relitigated in a subsequent suit. *Lakey v. McCarroll*, 134 Tex. 191, 134 S.W.2d 1016, 1020 (1940).

A finding that the child was "born of the marriage" is equivalent to a finding that appellant is the father of the child in this case, and is therefore *res judicata* as to appellant. Appellant will not be permitted, on a further hearing on custody, to raise for the first time a contention that the child was not born of the marriage and that he is not the father of the child. That issue was settled against appellant in the divorce decree in 1972. *Byrd v. Travelers Insurance Company*, 275 S.W.2d 861, 863 (Tex.Civ. App. San Antonio 1955, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.

Affirmed.