Floyd Leon THOMPSON, Appellant,

v.

Shirley Ann THOMPSON, Appellee.

No. 1152.

Court of Civil Appeals of Texas, Tyler.

Sept. 28, 1978.

Dale Long, Tyler, for appellant.

Bill Clark, Tyler, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from an order of the trial court which modified a prior order by increasing the child support to be paid by Floyd Leon Thompson, appellant.

The parties to this action were married on May 23, 1956 and six children were born during the marriage. The couple was divorced in August, 1971 and the trial court ordered appellant to pay child support of $100.00 per month. Appellee, Shirley Ann Thompson, filed a motion to modify to divorce decree by increasing child support in March, 1974. In response to appellee's request, the court increased the child support to $300.00 per month. However a joint motion, filed by both appellee and appellant in April, 1974, requested that child support be reduced to $33.33 per child per month. The trial court modified its prior order in accordance with the agreement between the parties.

As a result of alleged material and substantial changes in circumstances, appellee, in June, 1977, filed the motion to increase child support which is the basis of this appeal. The subject of this motion was three of the minor children, then ages 8, 11 and 15. In defense of this action initiated by appellee, appellant sought to introduce evidence showing that he was not the biological father of two of the children. Appellant attempted to introduce evidence of his alleged sexual sterility as a result of a vasectomy performed in 1961, prior to the conception and birth of the two children in question. Appellee's objection to the introduction of this evidence was sustained and appellant prepared a bill of exception. A motion for discovery of the blood group of each of the children was also filed by appellant and overruled by the trial court.

The trial court entered an order which found the material allegations of appellee's petition to be true and therefore decreed that the child support to be paid by appellant be increased to $333.00 per month. Attorney's fees in the sum of $600.00 were awarded to appellee's attorney, also to be paid by appellant.

Appellant has timely perfected his appeal from this order, predicated upon five points of error. The five points of error asserted by appellant are that the trial court (1) erred in excluding evidence of appellant's sexual sterility, (2) erred in overruling appellant's motion for discovery of the blood groups of the children, (3) erred in decreeing that appellant contribute $333.00 per month for child support because there was no evidence to support such an award, (4) abused its discretion by awarding child support of $333.00 per month, and (5) abused its discretion by the award of attorney's fees. Appellee responds that the trial court properly refused to consider evidence regarding issues finally decided in an earlier decree and that the trial court properly exercised its discretion in regards to awarding child support and attorney fees, based upon sufficient evidence.

We shall first address the complaint asserted by appellant in his first two points of error. The question presented for determination is whether the appellant, six years after a decree of divorce was rendered, should be afforded the opportunity to introduce evidence that he is not the father of two of the minor children who are the subject of this child support action. Appellant contends that he should be allowed to present this evidence as a defense to appellee's present suit for two reasons. First, appellant asserts that he was barred from raising the issue of legitimacy at the time of the original divorce action due to the strict adherence by Texas courts to Lord Manfield's Rule. Subsequently the Texas Supreme Court modified the rule to be followed by Texas courts and therefore, reasons the appellant, this is his first opportunity to raise this defense. Appellant's second premise is that a divorce decree is always subject to modification and appellant is therefore not estopped to now raise this issue by recitations in the prior decree. These arguments are without merit.

■ It is well settled that a child born during lawful marriage is presumed to be the legitimate child of the husband and wife. *Esparza v. Esparza*, 382 S.W.2d 162, 168 (Tex.Civ.App.-Corpus Christi 1964, n. w. h.); *Lawson v. Baker*, 351 S.W.2d 571, 572 (Tex.Civ.App.-Houston 1961, n. w. h.); *Gonzalez v. Gonzalez*, 177 S.W.2d 328, 330 (Tex. Civ.App.-El Paso 1943, n. w. h.). This presumption of legitimacy is one of the strongest known to the law. *Esparza v. Esparza*, supra; *Pinkard v. Pinkard*, 252 S.W. 265, 268 (Tex.Civ.App.-Beaumont 1923, n. w. h.). However, this is not a conclusive presumption and may be rebutted. Prior to the Texas Supreme Court's decision in *Davis v. Davis*, 521 S.W.2d 603 (Tex.Sup.1975), the presumption was rebuttable by circumstantial evidence and testimony of witnesses other than the spouses themselves. *Adams v. Adams*, 456 S.W.2d 222, 224 (Tex.Civ. App.-Houston [1st Dist.] 1970, n. w. h.); *Esparza v. Esparza*, supra; *Lawson v. Baker*, supra at 573; *Marckley v. Marckley*, 189 S.W.2d 8, 10 (Tex.Civ.App.-San Antonio 1945, n. w. h.); *Pinkard v. Pinkard*, supra at 266.

■ Lord Mansfield's Rule, as applied by the Texas courts prior to the *Davis* case, excluded only the declarations of the spouses by making their testimony incompetent and without probative value as to the legitimacy of a child born during lawful marriage. The Supreme Court of Texas has recognized that:

"The Rule [Lord Mansfield's Rule] has never prevented proof of non-access of spouses for a determination of illegitimacy of a child born or conceived during wedlock. The exclusion has only applied to testimony of the spouses themselves. Proof of illegitimacy has been made more difficult, but there is no rule of law that prevents the fact from being shown if other evidence is available."

*Davis v. Davis,* supra at 608.

Therefore appellant was not completely barred from contesting the legitimacy issue during the original divorce proceeding. His contention that the Texas courts' application of Lord Mansfield's Rule "would have precluded any testimony tending to show Appellant was not the true biological father," is a misinterpretation of the Texas rule.

■ Appellant had ample opportunity to contest this issue during the original divorce action. As then required by Article 4639a, V.A.C.S. (repealed by Acts 1973, 63rd Leg., p. 1458, ch. 543, sec. 3, eff. Jan. 1, 1974), appellee alleged that six children were born to the marriage, specifically naming each. No denial of these allegations was made by appellant. Appellant, instead, waived care and custody of the children and consented "for the Court to award such custody to the Petitioner [appellee] . . . subject to my being awarded reasonable rights of visitation with the said minor children." The trial court, in response to the duty imposed upon it by the statute, found that the six children named by appellee were born to or adopted by the parties to this marriage and stated the name, age and sex of each. Appellant was ordered to contribute to the support and maintenance of these children until they reached the age of eighteen years. The findings of fact by the trial court concerning the children who are the subject of this appeal were, therefore, fact issues actually litigated and essential to the rendition of the divorce decree. Neither the decree nor any finding of fact was challenged by appellant by bill of review, application for judgment nunc pro tunc, or direct attack.

Appellant contends that all divorce decrees are subject to modification and therefore he is not estopped, by the prior judgment, to now raise the issue of legitimacy. Such a decree is subject to modification where the conditions and circumstances have materially changed. However, an action to modify a prior order is not an action to set aside the prior judgment and retry the original case, as in an action for bill of review, but is a new and independent cause of action based on changed facts and circumstances, *Lakey v. McCarroll,* 134 Tex. 191, 134 S.W.2d 1016, 1020 (Tex.Sup.1940); *Goodman v. Goodman,* 236 S.W.2d 641, 644 (Tex.Civ.App.-San Antonio 1951, n. w. h.); *Lacy v. Lacy,* 122 S.W.2d 1104, 1106 (Tex. Civ.App.-Dallas 1938, n. w. h.). A divorce decree is final and res judicata in the sense that the facts upon which the decree was based, those matters before the court and facts existing at the time of the prior judgment, may not be retried and relitigated. *Lakey v. McCarroll,* supra; *Goodman v. Goodman,* supra. Such a divorce decree which contains provisions for the support, maintenance and custody of the children is a judgment to which Rule 329b, section 5, T.R.C.P., is applicable. *Rector v. Rector,* 454 S.W.2d 229, 230 (Tex.Civ.App.-Tyler 1970, n. w. h.).

■ The doctrine of collateral estoppel, or as sometimes phrased estoppel by judgment, bars relitigation in a subsequent suit upon a different cause of action of a fact issue actually litigated and essential to a prior judgment. *Benson v. Wanda Petroleum Company,* 468 S.W.2d 361, 362 (Tex.Sup. 1971); *Kirby Lumber Corporation v. Southern Lumber Company,* 145 Tex. 151, 196 S.W.2d 387, 388 (Tex.Sup.1946). A finding of fact by the trial court in a divorce judgment that a child was born to the marriage

of the parties is equivalent to a finding that appellant is the father of the child. Appellant will not be permitted, at this later hearing, to raise for the first time the contention that he is not the father of the child. *Walters v. Walters*, 565 S.W.2d 586, 587 (Tex.Civ.App.-Austin 1978, n. w. h.); *Byrd v. Travelers Insurance Company*, 275 S.W.2d 861, 863 (Tex.Civ.App.-San Antonio 1955, ref'd n. r. e.). A party must set up all his available defenses at the time of trial, for if he fails to do so, the judgment will be conclusive as to any defenses so omitted. *Hunt v. Wichita County Water Improvement District No. 2*, 213 S.W.2d 343, 345 (Tex.Civ.App.-Fort Worth 1948, ref'd n. r. e.). In the present case, appellant is barred from raising the issue of legitimacy and appellant's first two points of error are overruled.

By point of error ·No. 3, appellant complains that the trial court erred by awarding $333.00 per month for child support because there was no evidence that such an amount was reasonably necessary or that appellant was financially able to contribute that amount. In passing upon this "no evidence" point, we consider only that evidence and the reasonable inferences therefrom, which viewed in its most favorable light, supports the trial court's judgment and disregard that which is contrary thereto. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.Sup.1965); *Biggers v. Continental Bus Systems, Inc.*, 157 Tex. 351, 303 S.W.2d 359, 363 (Tex.Sup.1957); *Cartwright v. Canode*, 106 Tex. 502, 171 S.W. 696, 698 (Tex.Sup. 1914).

In the instant case, the award of child support concerns three minor children, all girls. At the time of the hearing for this motion, appellee was employed on a part time basis for minimum wage. She had been so employed for only a matter of days and had never had any previous work experience. She testified that the cost of living for such expenses as food, clothing, education, and medical care was much higher now than in 1974 and that $33.00 per month per child was insufficient to support the children.

Appellant was employed for Kelly-Springfield as a mechanic in the maintenance department. He had been so employed for almost ten years and admits he presently has more job security than in the past. Appellant's salary has increased considerably in the last few years. He estimated that his income for 1974 was approximately $16,000.00 but for the first ten months of 1977, his gross monthly salary averaged about $2,000.00. Since the court's prior order, appellant has bought his own home and has approximately $1,500.00 in savings. Outside of the new home, appellant's only debts were those on two vehicles. He had a total of $5,700.00 indebtedness on a car and pick-up truck valued at between $6,900.00 and $7,200.00. Appellant, himself, concluded that he was presently in much better financial shape than in 1974.

In light of our review of the record, we conclude that there was evidence of probative force to support the trial court's judgment and therefore appellant's third point of error is overruled.

Appellant's fourth point of error asserts that the trial court's child support award of $333.00 per month constituted an abuse of discretion. Each case involving child support must stand on its own facts, and the trial court is by necessity given wide discretion. *Dennis v. Dennis*, 512 S.W.2d 699, 701 (Tex.Civ.App.-Tyler 1974, n. w. h.); *Brito v. Brito*, 346 S.W.2d 133, 134 (Tex.Civ.App.-El Paso 1961, ref'd n. r. e.). The trial court has the people involved before it and is in a much better position to properly assess and analyze the needs and abilities of the parties. *Brito v. Brito*, supra. Both parents have an obligation of support toward their children and this duty must be considered in light of their financial abilities to pay such support, having due regard for all their lawful obligations. *Gully v. Gully*, 111 Tex. 233, 231 S.W. 97, 100 (Tex.Sup.1921); *Hearn v. Hearn*, 449 S.W.2d 141, 143 (Tex.Civ.App.-Tyler 1969, n. w. h.).

The trial court's judgment may not be disturbed unless a clear showing of

abuse of discretion is made. *Labowitz v. Labowitz*, 542 S.W.2d 922, 924 (Tex.Civ. App.-Dallas 1976, n. w. h.); *Hearn v. Hearn,* supra; *Brito v. Brito,* supra. We do not feel the award made by the trial court in the case at bar constituted an abuse of discretion and we overrule appellant's fourth point of error.

■ Finally, appellant complains that the lower court abused its discretion by awarding attorney's fees for the prosecution of this motion to modify the court's prior order. Under the terms of sec. 11.-18(a), Texas Family Code, reasonable attorney's fees may be awarded as costs in cases of this nature. *Walsh v. Walsh,* 558 S.W.2d 94, 96 (Tex.Civ.App.-Waco 1977, dism'd). *Labowitz v. Labowitz,* supra at 927; *In the Interest of R——— V——— M———,* a child, 530 S.W.2d 921, 923 (Tex.Civ.App.-Waco 1975, n. w. h.). Reasonable attorney's fees may be taxed as costs and be ordered paid directly to the attorney. The award of such attorney's fees is up to the discretion of the trial court. *Derbonne v. Derbonne,* 555 S.W.2d 507, 509 (Tex.Civ.App.-Houston [14th Dist.] 1977, dism'd); *Labowitz v. Labowitz,* supra. We conclude that the trial court was not in error in awarding attorney's fees to appellee's attorney and that the award of $600.00 for such fees was not an abuse of the lower court's discretion.

We have considered all of appellant's points of error and believe them to be without merit and the same are hereby overruled. The judgment of the trial court is affirmed.