Walter MIDDAUGH et ux., Appellants,

v.

Robert Dale MERRITT, Appellee.

No. 18043.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 18, 1979.

Thornton, Thornton & Price and W. W. Price, Jr., Olney, for appellants.

Everett, Law & HeLal and Jim Law, Dallas, for appellee.

## OPINION

HUGHES, Justice.

Walter Middaugh and wife, Bertha, have appealed a judgment of the trial court on a writ of habeas corpus which gave right of possession of their granddaughter, Kristi Lynn Merritt, to Robert Dale Merritt, bereaved husband of their deceased daughter, Pamela June Merritt. Trial was to the court. Findings of fact and conclusions of law were made on request of the Middaughs.

We affirm.

■ Point of error one avers that the evidence submitted to the trial court was not sufficient to support a finding that the husband is the biological father of Kristi.

It is undisputed that: the child was conceived and born out of wedlock on April 30, 1975; Pamela and Robert were married about two months after the birth of the child; a substituted birth certificate reflected a change in the surname of the child from "Middaugh" to "Merritt" and that Robert Merritt was her father; the substituted birth certificate was obtained by Pamela and her mother in Wichita Falls after the marriage and brought to Robert

for his signature; Robert signed the same; Robert met Pamela at a birthday party at Mike Mueller's house; Pamela is dead.

In dispute is the time of Robert's and Pamela's first meeting. Robert testified to May or June, 1974 at Mike Mueller's birthday party. Linda Leatherwood, close friend to Pamela, said it was late August or early September, 1974 after the New Mexico trip at Ricky Garlington's birthday party at Mike Mueller's house on a lease. She also said Pamela returned on August 3rd or 4th from New Mexico.

We overrule point of error one and hold that there was sufficient evidence to support trial court's finding that Merritt is the father of the child. We note that trial court did not use either of the terms "biological father" or "natural father" but, in its finding of facts and conclusions of law, it simply finds Merritt to be "the father" of Kristi. The trial court's order refers to him as "the father of said child."

Regardless of the terminology, we hold that there is evidence in the record for trial court to have found Merritt to be the biological father of Kristi. This viewed in the light most favorable to the court's ruling and disregarding testimony to the contrary after reviewing all of the evidence which we hold not to be so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ We are bound by trial court's findings of fact in this case since they are not manifestly erroneous and are supported by sufficient evidence. *City of Garland v. S. H. Lynch & Associates,* 413 S.W.2d 480 (Tex.Civ.App.—Dallas 1967, no writ); *Bavousett v. Bradshaw,* 332 S.W.2d 155 (Tex. Civ.App.—Amarillo 1959, writ ref'd n.r.e.).

■ Since we have not found trial court's factual conclusion of Merritt's paternity erroneous, we overrule point of error two A. The Middaugh's cite *Esparza v. Esparza,* 382 S.W.2d 162, 167 (Tex.Civ.App.—Corpus Christi 1964, no writ) interpreting Tex.Prob. Code Ann. § 42 (1977) "where a man and woman have children and thereafter marry

.  .  .. The essentials to legitimating in such cases are paternity and the actual subsequent marriage of the parents." Trial court found these essentials.

Tex.Family Code Ann. ch. 13 (1975) providing means for legitimation under a court order has no necessity of application here, since it is our holding that Merritt legitimated Kristi under Tex.Prob.Code Ann. § 42 (1977). Point of error two B is overruled.

We affirm.