**D. W. L., Appellant,**

v.

**M. J. B. C., Appellee.**

**No. A2340.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 28, 1980.

Rehearing Denied June 18, 1980.

Fred A. Collins, Darryl L. J. Fanelli, Houston, for appellant.

Kenneth Mahand, Law Offices of Kenneth Mahand, Houston, for appellee.

Before BROWN, C. J., and MILLER and SALAZAR, JJ.

J. CURTISS BROWN, Chief Justice.

This is a paternity suit brought pursuant to Tex. Fam. Code Ann. § 13.01 *et seq.* (Vernon Supp. 1980). Appellee sued appellant to establish that appellant was the natural father of her infant child. She sought to recover payments for child support and attorney's fees. After a trial to the jury, the trial court entered judgment holding that appellant was the natural father and ordering him to pay child support and attorney's fees.

Appellee's child was conceived during a time period in which she was married. Appellee was married on June 24, 1975 but became separated on September 30, 1975. Appellee testified that she did not see her husband at any time from the time of separation to the time of trial. This complete lack of access included the possible period of conception. A divorce petition was filed October 19, 1976, and a divorce was granted on January 19, 1977.

Appellant and appellee met in late September 1976 and appellee testified that they had sexual relations on or about October 1, 1976. During this time appellee testified that she did not have sexual relations with anyone other than appellant. Appellee first learned that she was pregnant on December 3, 1976. Subsequently, appellant went to a doctor's office with appellee, and he made arrangements to pay the doctor's fee in

connection with the pregnancy and birth of the child. Appellant fully discharged his commitment in this regard and even made a special trip to the hospital when it developed that this bill was greater than anticipated.

The child was born on June 24, 1977, which is within the time frame of a normal pregnancy beginning about October 1, 1976. The present paternity action was commenced July 5, 1977. Pursuant to court order, the appellant, appellee and the child submitted to blood tests as required by Tex. Fam. Code Ann. § 13.02 (Vernon Supp. 1980). The tests showed that appellant could not be excluded from being the father of the child.

By points one through five, appellant urges error because appellee did not show by clear and convincing evidence that it was impossible for her then husband to have been the father of the child. Appellant claims that appellee did not adequately prove that appellee's former husband did not have access to appellee during the time the child was conceived.

■ Appellant is correct in stating that there is a strong presumption that a child conceived during marriage is the legitimate child of the husband and wife. *Adams v. Adams*, 456 S.W.2d 222 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ). This presumption is rebuttable only by an affirmative showing of nonaccess or impotency of the husband. *Zimmerman v. Zimmerman*, 488 S.W.2d 184 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ).

The evidence reflects that appellee's husband was residing in Harris County at the time the child was conceived. It is also established that he was not impotent. However, appellee testified that she had had no contact whatsoever with him during the possible time of conception.

■ While giving full effect to the presumption, the circumstances in this case raise a fact question for the jury. The only evidence in the record is that she had not seen her husband since the time of her separation. We do not have a case in which there was any contact between husband and wife shown during the time period in question. In such a case, the presumption would not be overcome. We therefore hold that appellee met her burden of showing nonaccess by clear and convincing evidence sufficient to raise a fact question for the jury.

■ Appellant next argues that there was no evidence to support the jury finding that appellant was the natural father of the child. Alternatively, appellant argues that there was insufficient evidence, or that the finding was against the great weight and preponderance of the evidence. The evidence reflects, and appellant admits, that appellant and appellee had sexual relations on or about October 1, 1976. Under the medical evidence this date is consistent with the birth of a normal full term child on June 24, 1977. Appellant also voluntarily paid for appellee's medical bills, both before and after he received letters from appellee's attorney inquiring about possible support for the child. We thus hold that there is sufficient evidence to support the jury's findings.

■ Appellant further urges that the trial court erred in submitting the instruction in conjunction with special issue number two. The instruction stated that the blood tests results may be considered in determining whether appellant was the father of the child. The legislature has determined that blood tests may be admitted at trial if the results show the possibility of the alleged father's paternity. Tex. Fam. Code Ann. § 13.06 (Vernon Supp. 1980). The blood test results in this case did show the possibility of appellant being the father of the child. The instruction clearly pointed out that the results were *not conclusive* and *may* be considered in determining paternity. Therefore, no reversible error has been demonstrated.

■ Appellant next contends that the trial court erred in refusing to submit his tendered definition of "clear and convincing" evidence. The court instructed the jury that clear and convincing evidence is

that "which is stronger than the type of evidence required to establish a fact by a mere preponderance of the evidence."

The trial court has discretion as to the form of instructions and definitions; and such definitions will not be held erroneous if they are reasonably clear and enable the jurors to understand the phrases and words. *Gulf Insurance Co. v. Vela*, 361 S.W.2d 904 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.). The definition given is correct and clear, thus the trial court did not abuse its discretion.

■ Appellant next asserts that the trial court erred in awarding attorney's fees because there was no evidence of the "usual and customary" attorney's fee charged in Harris County. Section 13.42(b) of the Family Code allows *reasonable* attorney's fees incurred in a paternity suit. Therefore, the only proof required is that of the reasonableness of the fees. The record contains sufficient evidence that the attorney's fees awarded were reasonable and necessary. Appellee's attorney testified as to the reasonableness of his fees and such testimony may be used and considered in awarding attorney's fees.

■ Appellant also assigns error because the trial court allowed the infant child to be exhibited to the jury side by side with the appellant. He claims that such demonstration was inflammatory and prejudicial, and that the child, almost two, was too young to be viewed for comparison.

It has been held that a photograph of a child and an alleged father is admissible. *Napier v. Napier*, 555 S.W.2d 186 (Tex.Civ. App.—El Paso 1977, no writ). Furthermore, evidence of the resemblance of the child to the alleged father has been admitted. *In The Interest of B____ M____ N____*, 570 S.W.2d 493 (Tex.Civ.App.—Texarkana 1978, no writ). Appellant, by objection, prevented a description of the child being placed in the record. He has demonstrated no harmful error.

■ Lastly, appellant contends that the paternity statute violates the U. S. Const. amend. XIV and Tex. Const. art. I, §§ 3, 3a

and 19. Essentially, appellant claims that the statute violates the Due Process and Equal Protection clauses because the woman's right to abortion breaks the nexus between the act of intercourse and the birth of the child. Since the decision to bear or not bear a child belongs to the woman, the man should not be forced to support the child if the woman chooses to bear it. We cannot agree. As appellant states in his brief, the decision to bear children is a fundamental liberty. *Cleveland Bd. of Educ. v. LaFleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974). The United States Supreme Court has also held that illegitimate children have the same rights of support as legitimate children. *Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973). Appellant's constitutional point is denied.

All of appellant's points have been considered and are overruled. The judgment of the trial court is affirmed.

Affirmed.