Ronald Matthews ESPREE, Appellant,

v.

Keith A. GUILLORY, Appellee.

No. 01–87–00350–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 12, 1988.

D. Channing Bradshaw, Pasadena, for appellant.

Barry J. Hards, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and DUNN, JJ.

## OPINION

EVANS, Chief Justice.

The appellant complains of a final judgment entered in a paternity suit, that purports to declare that the appellee is the biological father of a child born to the appellant's wife during her marriage to the appellant. We reverse the trial court's judgment, and order the paternity action dismissed.

The paternity issue was initially raised in a divorce action brought by appellant's wife against the appellant. In her petition, appellant's wife alleged that appellee, and not the appellant, was the biological father of her youngest child and asked that the court terminate the parent-child relationship between the child and the appellant. Thereafter, during the pendency of the divorce action, the appellee filed this paternity suit, also asserting his paternity of the child, which suit the trial court consolidated with the divorce proceeding. At the beginning of trial of the consolidated cause, the trial court ordered the paternity suit severed from the divorce action and directed that the divorce action be heard first. No appeal is taken from the order of severance. The divorce suit was concluded by a consent judgment, in which the court found that the child was legitimate by reason of the fact that it was born during the marriage of appellant and the child's mother. The consent decree provided for joint managing conservatorship and imposed child support obligations on the appellant. Neither the appellant nor his wife have appealed from that decree.

At the conclusion of the divorce action, the court expressed concern about whether the appellee had standing to assert the paternity cause of action, but proceeded to hear that suit based on evidence that had been presented in the divorce action. The court then entered a judgment in the paternity suit, which purported to declare that a parent-child relationship existed between the appellee and the child, "as if the child was born to the father and mother during marriage" and named the mother as managing conservator and the appellee as the possessory conservator. The decree also provided for the appellee's visitation privileges and imposed child support obligations on the appellee.

In four points of error, the appellant contends that the appellee lacked standing to bring the paternity suit and that the trial court erred in hearing and deciding the paternity action after it had already determined by the divorce decree that the appellant was the child's legitimate father.

The appellant's wife did allege and give testimony in the divorce action that supported the appellee's claim that he was the biological father of her child. But the consent decree that was entered at the conclusion of the divorce action expressly declares that the child was legitimate because it was born during the parties' marriage. The decree names the appellant and his wife as the joint conservators of the child, and provides that all claims other than those expressly granted are denied. The appellant's wife did not appeal from the consent decree, and she is thus bound by the court's judicial determination that her child was the legitimate progeny of her marriage to the appellant.

At the time the appellee brought this action, the Texas Family Code, sec. 11.03 provided that a suit affecting the parent-child relationship could be brought by any person with an interest in the child. Ch. 424, sec. 3, 1983 Tex.Gen.Laws 2353. The statute defined an interested person as one entitled to service of citation under the provisions of section 11.09(a). That section provides that an alleged father of a child is entitled to service of citation in a suit to determine paternity. Tex.Fam.Code Ann. sec. 11.09(a)(9) (Vernon 1986).

We will assume first, for the purpose of discussion, that because of the pleading allegations of appellant's wife that appellee was the biological father of her child, the appellee may initially have had standing under the Texas Family Code to assert a claim affecting the parent-child relationship in the divorce action. But even if this

assumed, the appellee's paternity claim was necessarily derivative of and dependent upon the claim asserted by the appellant's wife in the divorce action, which she abandoned at the time of entry of the consent decree. Thus, we conclude that when the divorce court entered the consent judgment, declaring the child to be the legitimate child of the parties' marriage and denying all other claims for relief, any right of the appellee's to assert his paternity no longer existed.

■ Apart from any derivative standing that appellee may have obtained as a result of the wife's divorce action pleadings, appellee had no independent right to bring a paternity suit. The provisions of chapter 13 of the Texas Family Code govern paternity actions. Under this chapter, a suit may be brought to establish the paternity of or to voluntarily legitimize a child, but only if the child is "not the legitimate child of a man." *See* Tex.Fam.Code Ann. secs. 13.01, 13.21 (Vernon 1986). Section 11.-01(a)(8) of the Code defines an "illegitimate child" as one "who is not and has never been the legitimate child of man...." Thus, a suit may not be brought to establish the paternity of or to voluntarily legitimize a child who has already been determined to be the legitimate child of a man. Tex.Fam.Code Ann. secs. 12.02, 13.01, 13.-21; *Middaugh v. Merritt*, 576 S.W.2d 490, 492 (Tex.App.—Fort Worth 1979, no writ); *see Collier v. Wichita County Child Welfare Unit*, 722 S.W.2d 198, 201 (Tex.App.—Fort Worth 1986, no writ).

■ In this case, the court's judicial determination that the appellant was the legitimate father of the child constituted an insuperable barrier to the appellee's subsequent attempt to assert paternity. A finding of fact by the trial court in a divorce judgment that a child was born to the marriage of the parties is equivalent to a finding that the husband is the father of the child, *Thompson v. Thompson*, 572 S.W.2d 761, 764–65 (Tex.Civ.App.—Tyler 1978, no writ), and the doctrine of collateral estoppel bars relitigation of that fact issue in a subsequent suit. *See id.; Walters v. Walters*, 565 S.W.2d 586 (Tex.Civ.App.—

Austin 1978, no writ); *Byrd v. Travelers Ins. Co.*, 275 S.W.2d 861, 863 (Tex.Civ.App. —San Antonio 1955, writ ref'd n.r.e.) (res judicata also applicable to non-parties to the divorce). The appellee did not challenge the order severing his paternity action from the divorce proceeding, and neither the appellant nor his wife appealed from the final divorce decree declaring appellant to be the child's legitimate father. That decree is now res judicata of the legal issue of the child's legitimacy, which may not be relitigated in a subsequent suit.

■ Further, the appellee had no independent right to contest the child's legitimacy. The presumption of legitimacy of a child born during marriage is one of the strongest presumptions known to law. *See D.W.L. v. M.J.B.C.*, 601 S.W.2d 475, 477 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Adams v. Adams*, 456 S.W.2d 222, 224 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ). Unless the husband or wife of the marriage deny the husband's paternity and seek and obtain a judgment nullifying the child's legitimate status, no one else may properly do so. *See* Tex.Fam.Code Ann. sec. 12.06 (Vernon Supp.1988); *Davis v. Houston*, 734 S.W.2d 210 (Tex.App.—Fort Worth 1987, orig. proceeding). Although section 11.09 may be a general legislative determination of the persons who have a relationship with the child of sufficient legal dignity to be entitled to participation in a suit affecting the parent-child relationship, this section is modified by subsequent, more specific sections of Title 2, such as section 12.06. *Pratt v. Texas Dep't of Human Resources*, 614 S.W.2d 490, 495 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

Thus, the appellee had no independent right under the Family Code to contest the legitimacy of a child born during the marriage of appellant and his wife, Tex.Fam. Code Ann. sec. 12.06, or to sue to establish his paternity of a legitimate child, Tex. Fam.Code Ann. ch. 13, and any derivative claim he obtained from the appellant's divorce and custody suit was adjudicated by the consent decree in that suit. We hold that the trial court erred in permitting the

appellee to assert this paternity action against the appellant, after the issue of the child's legitimacy has already been established by the final decree of divorce between the appellant and his wife.

The paternity judgment of the trial court is reversed, and the appellant's paternity cause of action is dismissed.

DUNN, J., dissents.

DUNN, Justice, dissenting.

I respectfully dissent. Under the applicable Tex.Fam.Code sec. 11.03 in effect at the time the mother (appellant's wife) filed her suit for divorce naming the appellee as the alleged father, and at the time the appellee filed his paternity suit, a suit affecting the parent-child relationship could be brought by "any person with an interest in the child." Section 11.03 includes in its definition of persons who have an interest in the child, any person named in section 11.09(a) of the Family Code as being entitled to service of citation. Section 11.09 provides that in a suit to determine the paternity of a child, the alleged father is entitled to citation and notice, unless the alleged father was the petitioner.

The appellee was not a petitioner in the divorce suit, but he was named as the alleged father of the minor child, and therefore, became a person who has "an interest in the child," giving him standing to bring a suit affecting the parent-child relationship. Tex.Fam.Code Ann. sec. 11.09(a)(9); *Pratt v. Texas Dep't of Human Resources,* 614 S.W.2d 490, 495 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.); *See Harris County Child Welfare Unit v. Caloudas,* 590 S.W.2d 596 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

In my opinion, appellee's being cited and served with a divorce petition, which included the wife's paternity action against him, conferred standing upon him to file his own paternity action. The divorce and paternity causes of action filed by the wife and appellee's paternity cause of action were consolidated on August 8, 1985, and appellee became a party as well as a person with standing to bring his own cause of action. The later severance of the paternity cause

of action does not affect appellee's status. *See Wilson v. Wilson,* 601 S.W.2d 104 (Tex. Civ.App.—Dallas, no writ).

The court in *Young v. Young,* 545 S.W. 2d 551 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ dism'd), stated that an alleged father of an illegitimate child is entitled by section 11.09 to service of citation upon commencement of a suit affecting the parent-child relationship between the child and any other person. The court then went on to say that "the father then may seek voluntary legitimation under sec. 13.01." *See In re K.,* 535 S.W.2d 168, 169 (Tex.), *cert. denied,* 429 U.S. 907, 97 S.Ct. 273, 50 L.Ed.2d 189 (1976).

With regard to appellant's claim that the court erred in entering judgment for the appellee in the paternity suit, after having named the appellant the legitimate father of the child in the divorce judgment, the trial court stated, prior to the evidence being presented on the paternity issue, "I'm going to accept their agreement and sever you out, and you are going forward in a straight out paternity suit." The court then proceeded to allow testimony about the agreement and the suit affecting the parent-child relationship. The wife was asked:

Q. And is it your position that the three children are legitimate of the marriage *by virtue of the fact that they were born during the marriage?"* [Emphasis added.]

A. Yes.

The decree of divorce contains the following language:

The court further finds that these children are the legitimate children of the marriage *by virtue of the fact that they were born during the marriage.* [Emphasis added.]

This is not a finding that the appellant was the biological father, and is thus not res judicata on that issue. The action challenging paternity brings this issue into focus. Once the presumption of paternity is rebutted and the court finds that the appellee is the biological father of this child, it automatically terminates whatever legal re-

sponsibilities exist in the "legal" father of the child, shifting those legal responsibilities to the natural father.

The majority argues that only the husband or wife may deny paternity of a legitimate child under Tex.Fam.Code Ann. sec. 12.06. I would hold that the alleged father obtained the right to bring his own independent paternity suit, apart from the provisions of chapter 13 of the Family Code governing voluntary legitimation suits of *illegitimate* children, by virtue of his being a person with an interest in the child under former section 11.03 and being a person entitled to service under section 11.09. That interest and standing to bring suit was not extinguished by the court's severance of the paternity action from the divorce suit. Further, I do not agree that the record establishes that the wife abandoned her paternity suit. The consent judgment disposed only of the divorce issues and did not dispose of the paternity issues. A finding in the divorce judgment that the child is legitimate, merely by the fact of its birth during the marriage, should not preclude the alleged father from showing that he was, in fact, the biological father of the child.

I would hold that the appellee had standing to bring his paternity action.