ATTORNEY GENERAL OF TEXAS in Behalf of Donald D. RIDGE, A Child and Saint Jeanette S. Garcia, Appellants,

v.

Donald David RIDGE, Appellee.

No. 04–88–00302–CV.

Court of Appeals of Texas, San Antonio.

May 31, 1989.

Rehearing Denied June 21, 1989.

Charles G. Childress, Asst. Atty. Gen., Child Support Enforcement Div., Austin, for appellants.

Lawrence L. Garcia, Law Office of Lawrence L. Garcia, San Antonio, for appellee.

Before CADENA, C.J., and PEEPLES and CARR, JJ.

OPINION

CARR, Justice.

This is an appeal from the trial court's judgment which denied appellants' Bills of Review as a matter of law and barred and dismissed with prejudice the child's (Donald R. Ridge, Jr.) paternity suit. Appellants' amended petition of April 8, 1987, asserted three independent causes of action: A Bill of Review filed in appellants' capacity as mother of Donald D. Ridge, Jr., a Bill of Review filed as next friend of Donald D. Ridge, Jr., and a paternity suit filed as next friend of Donald D. Ridge. Each cause of action sought relief from a prior finding of no paternity in an agreed divorce decree of August 25, 1982.

On August 25, 1982, an agreed divorce decree involving Saint Jeanette Garcia and appellee was entered in Cause No. 82–CI–05595 before the 225th Judicial District Court, Bexar County, Texas. The divorce decree contained a finding that the appellee was not the father of Donald D. Ridge, Jr., a child born during the marriage of the parties. (Both Garcia's and appellee's pleadings stipulated that appellee was not the biological father. There were no blood tests and the court did not appoint a guardian ad litem for the child.)

Garcia subsequently sought to establish in a separate paternity suit that one William Smith was the father of the child. Mr. Smith's paternity was excluded by blood tests and the paternity case against him was dismissed pursuant to TEX.FAM. CODE ANN. § 13.05 (Vernon 1988).

On February 27, 1984, Garcia filed a pleading designated "Original Petition to Establish Paternity" against the appellee.

On March 23, 1984, respondent filed a plea to jurisdiction and a plea in bar, where he denied his paternity in response to petitioner's petition.

On August 14, 1985, appellee's attorney withdrew from the case.

On November 26, 1986, Garcia's attorney withdrew from the case and on the same date, her new attorney filed a motion to enter the order for blood tests requested in the original petition. On February 4, 1987, the court entered an order for blood tests but no blood tests were ever conducted.

On March 11, 1987, Garcia requested and was granted leave to amend her original petition to include a bill of review on her own behalf, a bill of review as next friend of Donald D. Ridge, Jr., and a paternity suit as next friend of Donald D. Ridge, Jr. Her motion to sever the paternity suit from the equitable remedies was denied. The court further denied respondent's plea to the jurisdiction and granted leave to transfer the cause from the 288th Judicial District of Bexar County, Texas, to the 225th Judicial District, Bexar County, Texas, where the original divorce was decreed.

On March 12, 1987, a second order for blood tests was rendered. Again, no blood tests were ever conducted.

On April 8, 1987, Garcia filed her first amended petition, essentially pleading three causes of action: (1) an equitable bill of review individually, (2) an equitable bill of review as next friend on behalf of the minor child, and (3) a paternity suit as next friend on behalf of the child. Appellee's attorney filed a plea in bar based on limitations.

By order entered on March 7, 1988, the trial court, without an evidentiary hearing, granted appellee's plea in bar to all three causes of action.

Garcia applied for services of the Attorney General, and on May 8, 1988, an order substituting counsel was signed. A motion for new trial was timely filed by the attorney general, and was overruled by operation of law.

On May 2, 1988, the attorney general perfected this appeal on behalf of the appellant and her child and brings the following three points of error:

## I

THE TRIAL COURT ERRED IN HOLDING PETITIONER'S INDIVIDUAL BILL OF REVIEW BARRED AS A MATTER OF LAW.

## II

THE TRIAL COURT ERRED IN DISMISSING WITH PREJUDICE PETITIONER'S PATERNITY SUIT FILED AS NEXT FRIEND OF DONALD D. RIDGE.

## III

THE TRIAL COURT ERRED IN HOLDING PETITIONER'S BILL OF REVIEW, AS NEXT FRIEND OF DONALD D. RIDGE, BARRED AS A MATTER OF LAW.

■ In the first point of error, appellants urge that the trial court erred in holding petitioner's individual bill of review barred as a matter of law. We agree.

Appellants' "Original Petition to Establish Paternity" filed on February 27, 1984, alleged, *inter alia:*

The purpose of this suit is to establish the parent-child relationship between the child and the alleged father. The child actually was born during the marriage of Petitioner and Respondent, but through fraud and mistaken belief, the child's paternity was denied by Respondent in later divorce proceedings.

Respondent has perpetrated a fraud upon Petitioner and has denied the child his birthright of legitimacy by repeatedly saying that he, the respondent, was sterile, when he was not.

Petitioner, through mistaken belief, has relied upon Respondent's fraudulent words, to her detriment and that of the child so that the child is not legitimate as

to any man, even though born during the marriage of Petitioner and Respondent.

Appellant's April 8, 1987 "First Amended Petition" alleges, *inter alia:*

### VIII.

On July 7, 1982, a divorce was rendered in this Court in Cause No. 82–CI–05595, styled In the Matter of the Marriage of Donald D. Ridge and St. Jeanette Ridge. Said decree was signed by the Presiding Judge of this Court on August 25, 1982. A certified copy of said decree has been attached hereto and marked as Exhibit A.

### IX.

On September 21, 1981, during the marriage of the parties, a child, Donald D. Ridge, Jr., was born. Based on Respondent's fraudulent representation that he was sterile, Petitioner failed to assert that said child was legitimate of the marriage and, in fact, was duped into agreeing to the contrary, thereby denying said child his birth right of legitimacy. Said action was not a result of any negligence or fault of Petitioner.

### X.

Petitioner, individually and as next of friend for Donald D. Ridge, Jr., has no adequate legal remedy now available to avoid the effect of said decree. Despite the exercise of due diligence, Petitioner, individually and as next of friend for Donald D. Ridge Jr., did not discover Respondent's fraud until more than 30 days after rendition of the judgment. The invalidity of the judgment does not appear on the face of the record.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.068 provides:

If a filed pleading relates to a cause of action ... that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability ... *is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.* (emphasis added)

TEX.CIV.PRAC. & REM.CODE ANN. § 16.068 (Vernon 1988).

The statute codifies *Leonard v. Texaco,* 422 S.W.2d 160 (Tex.1967), where the Texas Supreme Court rejected the former test requiring any amendment to be based upon the same 'cause of action,' and adopted the current test which bars only those causes of action which are "wholly based upon and grow out of a new, distinct or different transaction and occurrence." *Id.* at 163. The court held that plaintiff's amended pleading asserting a claim in contract was not barred by limitations because it related back to the date of original tort claim. The *Leonard* court also noted that the amended pleading "would have little practical effect so far as trial preparation is concerned." *Id.* at 163.

Generally, the courts have liberally applied the *Leonard* test. *See, e.g., Stone v. Brown,* 621 S.W.2d 182 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.); *Hastings v. Houston Shell and Concrete,* 596 S.W.2d 142 (Tex.Civ.App.—Texarkana 1979, no writ). Recently, in *Chasewood Construction Co. v. Rico,* 696 S.W.2d 439 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.), this Court refused to bar a defamation claim asserted in an amended pleading, holding that it grew out of the same transaction which gave rise to a breach of contract action originally filed against the same defendant.

In this case, in both the original and amended petitions, appellants urge the court to reconsider the question of Donald D. Ridge's paternity. In both petitions appellants assert that appellee fraudulently represented to her that he was sterile, and Garcia through mistaken belief in this representation was duped into agreeing in the previous divorce proceeding that her son was not the legitimate child of their marriage. The bill of review grows out of the same transaction giving rise to the original petition; the amended petition has little, if any, practical effect on trial preparation. We, therefore, find that Garcia's "First Amended Petition" allegations relate back

to the original filing date of her "Original Petition" because the same is not "wholly based on a new, distinct or different transaction or occurrence." TEX.CIV.PRAC. & REM.CODE ANN. § 16.068 (Vernon 1988).

Sound decisions interpreting Article 5539b (*repealed;* now § 16.068 TEX.CIV. PRAC. & REM.CODE ANN.) indicate that "no amendment ... should be barred when the claim it asserts is grounded upon the same aggregation of events which supported the original pleading, provided such claim was not barred by limitations on the date the suit was filed." 2 R. Mc-DONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 8.12.2 (rev. 1982).

> The test applied should be the pragmatic one of notice: the statute of limitations is designed to prevent an unscrupulous plaintiff from delaying his attack until the sources of defensive evidence have been lost, and if the original complaint puts the defendant upon notice that the plaintiff will seek recovery upon a controversy growing out of a given transaction or occurrence, the defendant presumably will safeguard his evidence on the aggregate of operative facts connected with such transaction or occurrence. *Id.* at 312.

The amended petition will not be barred by the statute of limitations where the original petition was timely filed. *Chasewood Construction Co. v. Rico,* 696 S.W.2d 439 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). Petitioner's original petition was filed on February 27, 1984. The divorce decree to which the bill of review relates was signed on August 25, 1982. Therefore, petitioner's amended petition for bill of review, which relates back to the filing date of the original petition, was commenced within the four-year limitation period.

Appellants' point of error one is sustained.

■ In the second point of error, appellants complain that the trial court erred in dismissing with prejudice petitioner's paternity suit filed as next friend of Donald D. Ridge. We agree.

A child is rebuttably presumed to be the legitimate child of a man if the child is born during the marriage. TEX.FAM.CODE ANN. § 12.02(a) (Vernon 1988). In the instant case it is undisputed that the child, who is the subject of this suit, was born during the marriage of appellant and appellee.

A suit to establish paternity may be brought independently by a parent of the child or the child (through a representative authorized by the court) TEX.FAM.CODE ANN. § 11.03(a)(1) and (2) (Vernon 1988) and must be brought on or before the second anniversary of the day the child becomes an adult. TEX.FAM.CODE ANN. § 13.01 (Vernon 1988).

No Texas courts have ruled directly on a child's right to file a paternity suit against an alleged father where a previous agreement of nonpaternity was approved in a prior agreed divorce decree. However, the matter has been ruled upon by courts in numerous other states which have held that a child is not bound, in a subsequent proceeding, by a finding or implication of paternity resulting from a prior divorce (or annulment) action unless the child was a party to the prior action. *See* Annot., 78 A.L.R.3d 846 (1977).

While this divorce decree was res judicata as to the husband-wife parties, *Walters v. Walters,* 565 S.W.2d 586 (Tex.App.—Austin 1978, no writ); *Thompson v. Thompson,* 572 S.W.2d 761 (Tex.App.—Tyler 1978, no writ), we hold that the August 25, 1982, decree of divorce was not res judicata as to the issue of paternity brought in this case by the child (through appellant as next friend) because the child was not a party to the 1982 divorce proceedings. In a personal action, the judgment is conclusive only upon those persons who are named as parties or whose interests are represented by a party of record. *Stroud v. Stroud,* 733 S.W.2d 619 (Tex. App.—Dallas 1987, no writ). A review of the 1982 divorce record shows that the child was not named in the petitioner's (appellant herein) pleadings as a party. Neither the petitioner nor respondent pur-

ported to represent the child as his or her next friend and no guardian ad litem was appointed.

Also, the appellant was not judicially estopped from attacking the 1982 divorce decree in a subsequent paternity suit filed in her capacity as next friend of Donald D. Ridge, Jr. because the child's right to establish the parent-child relationship has never been adjudicated.

Appellant's second point of error is sustained.

Because of our holding that Donald D. Ridge, Jr. was not a party to the original 1982 divorce decree, we need not address appellants' third point of error.

The judgment is reversed and the cause is remanded to the trial court with instructions to reinstate the case on the docket of that court.