**Kathleen Gresham DREYER, as Next Friend of A.D.D. and A.G.D., Minor Children, Appellant,**

v.

**Phillip S. GREENE, Appellee.**

No. 01–90–00223–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 18, 1991.

Rehearing Denied May 16, 1991.

Eugene L. Smith, Rita Fason, Houston, for appellant.

John J. Sampson, Austin, Lewis Dickson, Houston, for appellee.

D. Channing Bradshaw, Pasadena, Guardian Ad Litem.

Before COHEN, DUGGAN and PRICE[1], JJ.

## OPINION

COHEN, Justice.

The question presented is whether Dreyer's paternity suit against Greene is barred by her earlier divorce decree adjudicating her former husband to be the father of her children. We hold that it is barred. Thus, we affirm the trial court's dismissal.

In 1985, Dreyer sued Thorne Dreyer ("Thorne") for divorce, swearing that they were the "parents" of three children born during the marriage. The divorce suit was styled "in the interest of" the children. Only the youngest two children, twins born during the marriage, were the subjects of this later paternity suit.

In 1987, the trial court signed a final, default divorce decree. Based on Dreyer's sworn pleadings, it ruled that she and Thorne were the parents of the children born during the marriage. Thorne was named possessory conservator and was ordered to pay child support.

Thorne failed to pay child support, and Dreyer sued him for contempt. In September 1989, Dreyer and Thorne signed an agreed order regarding child support and contempt. In this order, the trial court found that the twins were born during the marriage.

In November 1989, Dreyer sued Greene for paternity, alleging he was the twins' biological father. Greene denied that and contended the suit was barred by TEX.FAM. CODE ANN. § 13.44(a)(1) (Vernon Supp. 1991), which provides that a paternity suit is barred if final judgment has been rendered "adjudicating a named individual to be the biological father of the child...." The trial court ruled the suit was barred, based on its divorce judgment adjudicating Thorne to be the twins' father.

Dreyer asserts in her first point of error that the divorce decree is not a bar because the children were not parties to the divorce suit. In her second point of error, Dreyer asserts that the Family Code permits a child's paternity suit against a biological father, even though the child already has an adjudicated father. We disagree.

Section 13.44(a)(1) bars a paternity suit "if final judgment has been rendered by a court of competent jurisdiction adjudicating a named individual to be the biological father of the child." That happened here. Consequently, we must enforce the plain terms of the statute. *Republicbank Dallas v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985); *see Espree v. Guillory*, 753 S.W.2d 722, 724 (Tex.App.— Houston [1st Dist.] 1988, no writ) (similar suit barred by common-law collateral estoppel because trial court's finding that a child was born to the marriage is a finding that the husband is the child's father).

There is another reason to uphold the judgment. These children were born during the marriage. A man is presumed to be the biological father of a child if he is married to the child's biological mother and the child is born during that marriage. TEX.FAM.CODE ANN. § 12.02(a)(1) (Vernon Supp.1991). As a result of Dreyer's sworn allegations in the divorce and contempt suits, the presumed father, Thorne, became the adjudicated father. The paternity statute only authorizes suits to establish the parent-child relationship "between a child who has no presumed father and the child's biological father...." TEX.FAM.CODE ANN. § 13.01(a) (Vernon Supp.1991). These children have one presumed biological father. They are not entitled to two.

Dreyer relies on *Attorney General of Texas v. Ridge*, 773 S.W.2d 645 (Tex.App.— San Antonio 1989, writ denied), which is distinguishable. In *Ridge*, there was no adjudication of paternity in the divorce suit. *Id.* at 646–47. Moreover, the court did not construe section 13.44. Finally, the judgment attacked in *Ridge* was obtained by fraud. There is no fraud claim before us.

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

**264**

 We reject Dreyer's contention that the children may sue now because they were not parties to the divorce suit and were not represented then by an attorney ad litem. A parent has the power to represent her children in legal actions and to make "other decisions of substantial legal significance concerning the child." TEX.FAM.CODE ANN. § 12.04(7) (Vernon 1986). Dreyer did so in the divorce, and she did so again in the child support contempt suit. *See* TEX.FAM.CODE ANN. § 14.02(a) (Vernon 1986) (parent appointed sole managing conservator retains all rights and powers of a parent to the exclusion of the other parent). There is no requirement of an attorney ad litem in every divorce case before a court may adjudicate a child's right to support. TEX.FAM. CODE ANN. § 11.10(c) (Vernon 1986) (court "may" appoint attorney if necessary to protect child's interests). Even in a paternity suit, "the child is not a necessary party," and the appointment of an attorney ad litem is not required. TEX.FAM.CODE ANN. § 13.07(a) (Vernon Supp.1991). Nevertheless, an attorney ad litem represented the children in this paternity suit, and in the trial court, he sought dismissal. On appeal, he seeks affirmance. We hold that Dreyer represented the children when she sued Thorne for divorce and for contempt, and they are bound by her actions. TEX. FAM.CODE ANN. § 12.04(7) (Vernon 1986); *State v. Lavan,* 802 S.W.2d 73, 79 (Tex. App.—Austin 1990, writ requested); *see generally Parham v. J.R.,* 442 U.S. 584, 604, 99 S.Ct. 2493, 2505, 61 L.Ed.2d 101 (1979); *Johnson v. Muelberger,* 340 U.S. 581, 587–88, 71 S.Ct. 474, 478, 95 L.Ed. 552 (1951).

The first two points of error are overruled.

 Dreyer's third point of error asserts that the dismissal deprives the twins of due process and equal protection under the Fourteenth Amendment of the United States Constitution. This contention was not made in the trial court. Nothing is presented for review. *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 859 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd

n.r.e.), *cert. denied,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988); *Central Bank v. Harris,* 623 S.W.2d 807, 810 (Tex.App.— Austin 1981, no writ); Tex.R.App.P. 52(a). Similar claims have been rejected on their merits. *See Michael H. v. Gerald D.,* 491 U.S. 110, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989); *Jack v. Jack,* 796 S.W.2d 543, 547– 50 (Tex.App.—Dallas 1990, no writ).

The third point of error is overruled.

The judgment is affirmed.