**R.M.H., a Minor Child, by Sharon GABERT, Attorney Ad Litem, Appellant,**

v.

**Roy William MESSICK, Appellee.**

No. 2–90–309–CV.

Court of Appeals of Texas, Fort Worth.

March 25, 1992.

Sharon Gabert, Atty. ad litem, Fort Worth, for R.M.H.

B.C. Cornish, Fort Worth, for Donna Whatley Haney West in court below.

Carl E. Mallory, Arlington, for Roy William Messick.

Before JOE SPURLOCK, II, HILL and DAY, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

The question is whether R.M.H., a minor, by and through her attorney ad litem, has standing to appeal an order overruling a bill of review when she was not a party to the original suit. We find that she does not because she was not virtually represented by her mother.

R.M.H. was born in September 1985. In April 1986, her natural mother, Donna West, filed a paternity suit against Roy William Messick, appellee, claiming that he was the biological father. Although they were not married at the time of R.M.H.'s conception, West alleged appellee was the only person with whom she was having sexual relations when R.M.H. was conceived.

West did not file as next of friend of R.M.H., nor did the court appoint an attorney ad litem. In accordance with the provisions of the Family Code in paternity cases (*see* TEX.FAM.CODE ANN. sec. 13.02(a) (Vernon 1986))[1], a blood test was sched-

---

1. Although the Family Code has been amended    since the filing of the original paternity petition

uled; however, West did not appear on the scheduled day, and therefore, blood testing was not performed. A second blood test was scheduled, but West did not show for that test either. A third blood test was scheduled for September 16, 1986, but the case was called for trial on September 15, 1986. Neither West nor her attorney appeared for trial, and the trial judge rendered judgment of "no paternity" in favor of appellee.

On November 7, 1986, the State filed a second paternity suit, which was never called for trial and was dismissed for want of prosecution. West testified she knew nothing about the second suit. A final decree was dated November 24, 1986, in the first suit. No motion for new trial was ever filed. Three months after the judgment, West filed for a bill of review in the first suit. Approximately two years later, the court appointed an attorney ad litem for the child for the first time. The ad litem filed pleadings adopting West's trial and bill of review pleadings, and alleged that R.M.H.'s interests had not been properly represented at the trial. The trial court entered an order denying relief under the bill of review. The ad litem has appealed that order.

Appellee did not submit a brief to this court, therefore, only the attorney ad litem's arguments will be set forth. In two points of error, the ad litem contends that the trial court erred in entering judgment in the original trial, and erred in denying the bill of review. She argues R.M.H. is not bound by the original judgment because she was not a party, and the judge should not have proceeded with the case because TEX.FAM.CODE ANN. sec. 13.02 (Vernon 1986) mandates that blood tests be given in a paternity suit. Regarding the bill of review, she makes two alternative arguments. She first argues R.M.H. is not bound by the order denying the bill of review because she was not a party to the original suit. Alternatively, she argues that even though R.M.H. was not a party to the original suit, a bill of review is the appropriate remedy because exceptions allow unnamed parties to directly attack a judgment. Thus, the attorney ad litem asks that the trial court's judgment be vacated, the bill of review be granted, and a guardian and attorney ad litem be appointed for R.M.H.

▬ To determine whether R.M.H., through her attorney, has standing to bring this appeal [2], we must decide whether her interests were litigated in the original proceeding. A suit to establish paternity may be brought independently by a parent of the child or by the child (through a representative authorized by the court). TEX.FAM.CODE ANN. sec. 11.03(a)(1), (2) (Vernon 1986). *Attorney Gen. v. Ridge*, 773 S.W.2d 645 (Tex.App.—San Antonio 1989, writ denied). Thus, "the child is not a necessary party," to a paternity suit, except that a child must be a party to a settlement agreement. *J.M.R. v. A.M.*, 683 S.W.2d 552, 557 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.); TEX.FAM.CODE ANN. sec. 13.07 (Vernon 1986) [3]. However, the court may appoint an attorney ad litem if necessary to protect the child's interest.[4] TEX.FAM.CODE ANN. sec. 11.-

in 1986, we must follow the statutes as they were written in 1986.

**2.** The attorney ad litem raises the issue of standing. She first argues that R.M.H. is not bound by the original judgment and the second order denying the bill of review because the court found that R.M.H. was not a party to any of the litigation. She argues alternatively that, "Even though the Appellant is not a party and is not bound by either judgment the appropriate remedy is a Bill of Review."

**3.** The 1986 version of TEX.FAM.CODE ANN. sec. 13.07 states that a child must be a party to a settlement agreement. The 1987 amended version of section 13.07 refers to the settlement requirement but also adds that a child must be represented by an ad litem in a dismissal and nonsuit. *See* TEX.FAM.CODE ANN. sec. 13.-07(b). Moreover, TEX.FAM.CODE ANN. sec. 13.07(a) was added, and it states that a child is not a necessary party to a paternity suit, but if the court finds that the child's interests will not be adequately represented by a party to the suit, the court shall appoint an attorney ad litem to represent the child. *Id.*

**4.** Even though it was proper for R.M.H. not to be designated a party to the suit and not to be appointed an ad litem, the judge should have dismissed the case. The 1986 version of TEX. FAM.CODE ANN. sec. 13.02(a) states that "the

10(c) (Vernon 1986). What is unclear is whether the child is precluded by res judicata from filing her own suit if the mother brings a paternity action, and the child is not represented by an ad litem, and the action is later ended adversely to the question of paternity. There are three cases that indirectly discuss this issue; yet, none are specifically on point.

In *Ridge*, the issue was whether a child had the right to file a paternity suit against an alleged father even though a previous agreement of nonpaternity was approved in a prior *divorce decree*. *Ridge*, 773 S.W.2d at 648. The court held that the child could file the suit because he was not bound by the prior action. *Id.* Contrastingly, the Houston Court of Appeals recently reached a different conclusion regarding this issue. *See Dreyer v. Greene*, 809 S.W.2d 262 (Tex. App.—Houston [1st Dist.] 1991, no writ). In the *Dreyer* divorce, the court found the man and wife were the parents of the children born during that marriage. Subsequently, the wife sued another man for paternity, and he claimed res judicata based on TEX.FAM.CODE ANN. sec. 13.-44(a)(1) that a paternity suit is barred if final judgment has been rendered "adjudicating a named individual to be the biological father of the child...." The *Dreyer* court held that when the mother sued her husband for divorce and contempt, her children were bound by her prior actions. *Dreyer*, 809 S.W.2d at 264, *citing* TEX. FAM.CODE ANN. sec. 12.04(7) (Vernon 1986) (a parent has the power to represent her children in legal actions and to make "other decisions of substantial legal significance concerning the child"); TEX.FAM. CODE ANN. sec. 13.07(a) (Vernon Supp.

1991) (in a paternity suit, "the child is not a necessary party").

This standing issue was also addressed in *Stroud v. Stroud*, 733 S.W.2d 619 (Tex. App.—Dallas 1987, no writ); however, the *Stroud* case involved a paternity suit, not a divorce suit, and the suit was brought by the State and not the mother. The court stated that even if the child was not a party to the paternity suit, he could nevertheless be entitled to appellate review if his rights were adjudicated under the doctrine of virtual representation. *Id.* at 621. For virtual representation to apply, the child's interests "must have been identical to those of the State." *Id.* The court further stated that it was not enough that the child was affected by the suit. *Id.* The court also stated that:

> [T]he State may be presumed to have acted as the child's next friend *if* the record clearly demonstrates that the suit was based solely on the child's rights, that only the child could have been entitled to recovery based on the allegations of the pleadings, and the relief sought was solely for the use and benefit of this child.

*Id.* (emphasis added). The *Stroud* court concluded that the State had not solely represented the child because it did not seek relief solely for the use of and benefit of the child, but rather, to establish the legal parental relationship in order to collect child support payments, and therefore, the child was not precluded from bringing his own action.

At the time of trial in this case, the court made no finding of necessity that an attorney ad litem be appointed to protect the child's interest. However, the court also found the child was not a party to the original litigation.[5] We distinguish *Dreyer*

---

court shall order the mother, alleged father, and child to submit to the taking of blood for the purpose of one or more blood tests." *Id.* Section 13.02(b) provides: "if the petitioner is the mother or the alleged father and refuses to submit to the blood test, the court shall dismiss the suit." *Id.; see also Stroud v. Stroud*, 733 S.W.2d 619, 621 (Tex.App.—Dallas 1987, no writ). By not showing up for any of the tests, West essentially refused to submit, and therefore, the case should have been dismissed. *See Jaynes v. Lee*, 306 S.W.2d 182 (Tex.Civ.App.—Texarkana 1957, no writ). The 1989 amend-

ment of TEX.FAM.CODE ANN. sec. 13.02(b) states that "if any party refuses to submit to court-ordered paternity testing, upon proof sufficient to render a default judgment the court may resolve the question of paternity against that party." *Id.* However, the 1989 amendment does not apply to the instant case.

5. As there was no statement of facts for the original proceeding, it is unclear whether the judge made a deliberate decision not to appoint an ad litem for R.M.H. However there is an Order Accepting/Rejecting Findings of Fact and

because final judgment had been rendered in the divorce case adjudicating Mr. Dreyer as the biological father of the child. *Dreyer*, 809 S.W.2d at 263. Moreover, we do not strictly follow the holding in *Ridge* (the divorce action was not res judicata as to the child's subsequent paternity action) because it involved a prior divorce case, which can more easily be seen as not litigating the child's interest, than a prior paternity action. Thus, we adopt the reasoning of virtual representation in *Stroud*.

The question is whether the interests of the mother were so identical with those of the child that the child's interests were certain to have been adequately represented. *Stroud*, 733 S.W.2d at 622. We can only surmise what the mother's interests were in bringing this paternity suit, most probably to collect child support (inasmuch as the State caused the filing of the second suit which was dismissed). However, we know that, for whatever reasons, West did not show up for two scheduled blood tests, nor for the trial. Therefore, the child's interests in obtaining legitimacy and having another parent to possibly inherit from cannot be said to have been fully represented.

■ We find that R.M.H. was not a party to the original judgment, and therefore, could not be a party to the bill of review. *See Ortega v. First RepublicBank Fort Worth*, 792 S.W.2d 452 (Tex.1990) (bill of review is equitable proceeding by party to former action seeking to set aside a judgment that is no longer appealable or subject to a motion for new trial); *Jernigan v. Jernigan*, 677 S.W.2d 137, 140 (Tex.App.— Dallas 1984, no writ) (right to seek review on appeal is limited to those whose rights are concluded by judgment in question). The ad litem relies on *Bynum v. Davis*, 327 S.W.2d 673 (Tex.Civ.App.—Houston [1st

Dist.] 1959 no writ) (opinion on reh'g) for the proposition that individuals who were not parties to the original litigation can attack the judgment if their rights were affected by the judgment. *Id.* at 678–79. However, R.M.H.'s rights were not affected by the original judgment because the judgment was not binding on her. *See Ridge*, 773 S.W.2d at 648; *Stroud*, 733 S.W.2d at 619; *cf. Dreyer*, 809 S.W.2d at 264 (court found children could not bring paternity suit against putative father because mother represented children when she sued her husband for divorce and contempt, and he was adjudicated the children's father). Thus, R.M.H., through her attorney ad litem, is not bound by the subsequent bill of review. This paternity suit can be refiled in the interests of R.M.H. by a next of friend or other as provided by TEX.FAM.CODE ANN. sec. 11.03; *see Ridge*, 773 S.W.2d at 648–49; *Stroud*, 733 S.W.2d at 619. We find that appointing R.M.H. an ad litem for the bill of review was a moot action. R.M.H., through her attorney ad litem, cannot appeal the order denying her relief under the mother's bill of review because she was not a party to it, and it is not binding on her. Thus, points of error one and two are overruled, and we dismiss this appeal for lack of standing.

Appeal dismissed.

---

Conclusions of Law from the bill of review which states in pertinent parts:

III. The minor was not a named party in any of the litigation. (Accepted)

IV. The interests of the minor and the mother and biological father are divergent. (Rejected)

V. There was no finding in any prior proceeding that either a guardian ad litem or attorney ad litem was unnecessary. (Rejected)

VI. There was no finding an (sic) any proceeding that the minor's interests were represented or her rights were adequately protected. (Rejected)

VII. The mother did not adequately represent the rights of the minor and such was due to collusion, neglect, or mistake. (Rejected)