cv5-382.dd.jones 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00382-CV







B.M.L., a minor child, through her mother, Valerie Michele Jones, 


her legal representative, Appellant



v.



Leslie R. Cooper, Jr., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-01791, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







PER CURIAM


 The issue in this appeal is whether a determination of nonpaternity in a child-support suit by the attorney general precludes the fatherless child from filing a subsequent
paternity suit against the same alleged father. B.M.L., a minor child, through her mother, Valerie
Michele Jones, as her legal representative, contends that the trial court erred by finding B.M.L.'s
suit against Leslie R. Cooper, Jr. precluded by such a previous nonpaternity finding. She appeals
the summary judgment granted to Cooper. We will reverse the judgment and remand the cause.



BACKGROUND


 This appeal turns on the extent of the preclusive effect of a 1993 paternity suit on
the present suit.



The 1993 suit

 The Texas Attorney General (the State) filed a petition to establish the parent-child
relationship on behalf of Jones's daughter. In the Interest of B.M.L., No. 93-07493 (Dist. Ct. of
Travis County, 126th Judicial Dist. of Texas, Jan. 13, 1994). The petition alleged Cooper as the
father and requested a paternity determination, temporary support orders, conservatorship, a name
change, support, withholding from earnings, production of documents, and attorney's fees. The
State served both Jones and Cooper with process.

 Jones, B.M.L., and Cooper all submitted to blood tests; Cooper, stationed with the
Air Force in Turkey, had his blood drawn there. The test procedures require the test subjects to
be photographed; the documents contain pictures of each subject. They also contain Jones's
fingerprint, but not Cooper's. Jones appeared at a pretrial hearing and testified. The court
dismissed the attorney general's action with prejudice on January 6, 1994 when the blood tests
excluded Cooper as the father. 

 Though not a named party, Jones filed a motion requesting trial de novo and
ordering new blood tests in January 1994. She was prompted by receiving a copy of a letter
written by a Turkish doctor which was sent to the laboratory that analyzed the blood samples. 
The doctor claimed that the person from whom the blood for the test was drawn might not have
been Cooper. The doctor said he later saw the tested man carrying a badge with a different name
on it.

 The judgment in the 1993 suit became final without the court acting on the motion;
Cooper contends that the court took no action because Jones failed to timely request a hearing on
her motion. There was no appeal. 


The 1995 suit

 In 1995, B.M.L., acting through her mother, filed this petition to establish the
parent-child relationship. B.M.L. named Cooper as her father. She requested the same elements
of relief requested by the State in the 1993 suit.

 Cooper filed a motion for summary judgment based on the defenses of res judicata
and collateral estoppel. He contended that the 1993 suit established his nonpaternity and was
binding because Jones participated in that suit as a witness and by filing the post-trial motion. He
attached his attorney's affidavit and documents from the 1993 case: the petition, the blood-test
results, the notice of hearing naming Jones, and the dismissal order.

 B.M.L.'s response to the summary-judgment motion relied on her nonparticipation
in that proceeding. She contended that the 1993 petition showed that the State was interested only
in child support and did not represent her full interests. She contended that the court wrongfully
failed to appoint a guardian or attorney ad litem for the child when dismissing the case. She
contended that her mother's affidavit raised the issue that fraud in the blood test undermined the
validity of the 1993 dismissal. She argued that res judicata and collateral estoppel should be
ignored when other public policies, such as avoiding illegitimacy, outweigh the interest in finality
of judgments. She similarly contended that her great interest in legitimacy should override the
minor inconvenience to Cooper in requiring a second blood test. She also argued that she should
not lose her right to establish a paternal relationship because of a judgment in a prior suit in which
she did not participate.

 B.M.L.'s summary-judgment proof included her mother's affidavit, the Turkish
doctor's letter, and her attorney's affidavit. Jones swore that Cooper was the only possible father
for B.M.L. and that, if he is not retested, B.M.L. will remain fatherless. The appellants' attorney
swore that they were trying unsuccessfully to locate the doctor to have him sign an affidavit, an
unsigned copy of which he attached to his affidavit.

 Cooper objected to the attachment of the doctor's letter as inadmissible hearsay. 
He also complained that it contained allegations that Jones, to whose affidavit the letter was
attached, could not make on personal knowledge. Cooper also objected to the attachment of the
doctor's unsigned affidavit. No ruling on these objections appears in the record.

 The trial court granted Cooper's motion for summary judgment.



DISCUSSION


 Before proceeding to the merits of this appeal, we must consider Cooper's motion
to strike or disregard extraneous material in B.M.L.'s brief.

 Cooper complains about the attachment of the Turkish doctor's letter as an exhibit
to the brief. He alleges that it was excluded as hearsay from the 1993 suit and that he objected
to it in the trial court in this suit on the same ground. With no ruling on the record sustaining the
objection, however, the letter remains part of the summary-judgment record on appeal. See
Utilities Pipeline Co. v. American Petrofina Mktg., 760 S.W.2d 719, 723 (Tex. App.--Dallas
1988, no writ); see also Manoogian v. Lake Forest Corp., 652 S.W.2d 816, 819 (Tex.
App.--Austin 1983, writ ref'd n.r.e.). Because the letter is part of the record on appeal, we see
no harm in its attachment as an exhibit to the brief. Further, the letter is not integral to our
decision on the appeal, thus minimizing any harm. We overrule Cooper's motion to strike.

 By her sole point of error, B.M.L. contends that the trial court erred by granting
summary judgment and holding that she was precluded from bringing an independent paternity
action because of the prior trial of that issue.

 When reviewing a summary judgment, we must take evidence favorable to the
nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve all
doubt in the nonmovant's favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant may win summary judgment at trial by showing the absence of a
material issue of fact on each element of an affirmative defense and showing an entitlement to
judgment as a matter of law. Tex. R. Civ. P. 166(c); Nixon, 690 S.W.2d at 548-49; Montgomery
v. Kennedy, 669 S.W.2d 309, 310-11 (Tex. 1984).

 Cooper asserted both res judicata and collateral estoppel as bars to this action. Res
judicata, or claims preclusion, prevents relitigation of a claim or cause of action that has been
finally adjudicated, as well as of matters arising out of the same transaction that, with due
diligence, should have been litigated in the original suit. Barr v. Resolution Trust Corp., 837
S.W.2d 627, 630-31 (Tex. 1992). Collateral estoppel, or issue preclusion, requires a showing
(1) that the facts sought to be litigated in the second action were fully and fairly litigated in the
first action; (2) that those facts were essential to the judgment in the first action; and (3) that the
parties were cast as adversaries in the first action. Sysco Food Servs., Inc. v. Trapnell, 890
S.W.2d 796, 801 (Tex. 1994). 

 The preclusive effect of prior judgments extends beyond parties named in the suit
and applies to the privies of those parties. Trapnell, 890 S.W.2d at 801-02 (issue preclusion);
Lone Star Partners v. NationsBank Corp., 893 S.W.2d 593, 598 (Tex. App.--Texarkana 1994, writ
denied). A privy is one who is so connected in law with a party to a judgment as to have such
an identity of interests that the party represented the same legal right in the previous suit. Phillips
v. Allums, 882 S.W.2d 71, 74 (Tex. App.--Houston [14th Dist.] 1994, writ denied) (citing Benson
v. Wanda Petroleum Co., 468 S.W.2d 361, 363 (Tex. 1971)). Privity is not established,
however, by the mere fact that persons may happen to be interested in the same question or in
proving the same facts. Phillips, 882 S.W.2d at 74.

 The Family Code somewhat codifies the definition of a child's privies. A child is
not a necessary party to a paternity suit. Tex. Fam. Code Ann. § 160.003(a) (West Supp. 1996)
(formerly Tex. Fam. Code Ann. § 13.07(a)). Others who may bring such a suit include a parent
and a governmental entity. Tex. Fam. Code Ann. § 102.003 (West Supp. 1996) (formerly Tex.
Fam. Code Ann. § 11.03(a)). A provision enacted in 1989 creates a presumption that, in a trial
on the merits, the party bringing the paternity suit will adequately represent the interests of the
child. Tex. Fam. Code Ann. § 160.003(b) (West Supp. 1996) (formerly Tex. Fam. Code Ann.
§ 13.07(a)) ("the statutory presumption of representation"). 

 Texas courts have interpreted narrowly the binding effect of suits by possible
privies. The Second Court of Appeals held that, though a child could not appeal a paternity action
brought by another, neither was the child bound by that prior action. R.M.H. by Gabert v.
Messick, 828 S.W.2d 226, 230 (Tex. App.--Fort Worth 1992, no writ). The court held that a
mother who did not take the blood tests required in her suit to establish paternity did not fully
represent her child's interests; the child was not a party to the case, was not bound by the
decision, and could not appeal the judgment. Id.; accord Stroud v. Stroud, 733 S.W.2d 619, 622
(Tex. App.--Dallas 1987, no writ) (decided before the statutory presumption of representation's
enactment). The Stroud court determined that the State and mothers had only an economic interest
in paternity litigation and did not share the child's unique interests in establishing paternity such
as seeking a relationship with his father, avoiding the stigma of illegitimacy, and gaining the right
to inherit. Id. at 621-22.

 Other Texas courts have held that children may bring their own actions after a
failure to find paternity in a divorce decree, but not after an adjudication of paternity. Dreyer v.
Greene, 871 S.W.2d 697, 698 (Tex. 1993) (agreed judgment of paternity in divorce action
triggered statutory bar against child's paternity action against a different man); Attorney General
of Texas v. Ridge, 773 S.W.2d 645, 648 (Tex. App.--San Antonio 1989, writ denied) (paternity
suit allowed despite prior parental agreement of nonpaternity in divorce decree). The Ridge court
commented that its decision was influenced by the fact that the child had not been represented in
the divorce action by an attorney, a party, or a guardian ad litem. Id. at 648-49.

 A recent decision by the Fourth Court of Appeals resembles the facts of the instant
case. See Bellinger v. Purcell, No. 04-95-00120-CV (Tex. App.--San Antonio, December 27,
1995, no writ h.) (designated for publication, cite not yet available). The appellate court reversed
a summary judgment denying a paternity action brought by the mother individually and as next
friend of her child. Id., slip op. at 6. The summary judgment was based on the preclusive effect
of a previously dismissed action filed in New York courts by the mother against Purcell. The
New York court dismissed that action after a hearing at which the court found that she had failed
to establish clear, convincing, and entirely satisfactory proof of paternity. Id. at 2. The child was
not represented by an attorney or guardian ad litem in the New York action. Id. The Texas court
of appeals intimated that the hearing may not have been full and fair because the New York court
apparently excluded most of the evidence the mother attempted to introduce, including a blood
test that excluded 99.4% of other males as the father. See id. at 5. In the Texas case, the mother
filed an affidavit in which she explained that a primary purpose in filing the suit was to have many
of the child's questions regarding his family background answered. Id. The San Antonio court
reversed the summary judgment as to the child because the child was not represented in the prior
suit as a party or by counsel and because Purcell did not meet his burden of establishing that the
child did not have separate interests in bringing his own action to establish paternity. Id. at 5-6.

 Cases from other states do not resolve this dilemma uniformly. The cases fall into
two large groups and two small groups based on the interplay of two factors: whether the
precedent case was decided on the merits and whether the court found the subsequent case
precluded. (1) The two large groups comprise cases in which trial-court dismissals (particularly in
which the non-child plaintiff defaulted procedurally) were not given preclusive effect, (2) and suits
in which a previous trial on the merits decided against the non-child plaintiffs was given
preclusive effect. (3) A comparison of the cases cited in footnotes two and three shows that, in some
states, the child's subsequent suit escapes bar only if the previous non-child plaintiff defaulted
procedurally. Fewer courts engaged in the reverse pairing of the two factors. Some courts held
that cases by non-child plaintiffs dismissed for procedural defaults barred future cases by the
child. (4) Still other courts held that even a trial on the merits in a case brought by a non-child
plaintiff did not bar a subsequent suit by the child. (5)

 These cases show a struggle to balance strong, competing societal interests. The
Texas cases appear to favor, within reason, children having an opportunity to pursue their own
interests in establishing paternity. Though Texas society also benefits by protecting citizens from
repetitive and harassing lawsuits, its fiscal, emotional, and informational interests in establishing
paternity can outweigh the societal interests in finality of judgments. See Bellinger, slip op. at
5-6; Stroud, 733 S.W.2d at 621-22. This conclusion is more compelling as the science of blood-testing in tandem with DNA-screening becomes more precise and dispositive; the burden on
alleged fathers of submitting to a second blood draw is minimal compared to the weighty burdens
on children of living without knowing who their fathers are. With these added burdens, children
(and their representatives) have greater incentive to pursue the suit brought explicitly for the child. 
Though the Family Code presumes that a statutorily authorized petitioner in a paternity suit will
represent the child's interests, the balance of these burdens mandates that courts be particularly
sensitive and responsive to evidence tending to rebut that presumption when considering a
summary-judgment motion against the child's later suit.

 We conclude that Cooper did not carry his burden to establish that the parties to
the 1993 suit so fully represented the child's interests as to establish an identity of interests
precluding B.M.L.'s suit. Cooper's summary judgment evidence clearly shows that B.M.L. was
not a party to the 1993 action and there is no indication that she was represented by an attorney
or guardian ad litem. His evidence shows that Jones filed an ineffectual motion for trial de novo
after the rendition of judgment without ever having intervened in the suit. Rather than
establishing as a matter of law that B.M.L.'s interests were represented in that action, his
evidence shows that her child-specific interests were not raised then. In this case, the response
to Cooper's motion and Jones's affidavit show that this suit raises these interests by stating that
B.M.L. will be fatherless unless Cooper is shown to be the father; though lacking the more
compelling detail of the affidavit in Bellinger, Jones's affidavit nevertheless raised a fact question
as to whether the child's unique interests in paternity were fairly represented by the parties in the
1993 case. Cooper's motion, proof, and response did not resolve this issue. With this fact
question lingering, the summary judgment cannot stand on either issue or claims preclusion.



CONCLUSION


 Because Cooper failed to carry his summary-judgment burden on an element of his
defense, the summary judgment was erroneous. We sustain point of error one. 

 We reverse the judgment and remand the cause for further proceedings.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: April 3, 1996

Publish

1. TABLE OF STATES' POSITIONS ON THE PRECLUSIVE EFFECT


OF A PREVIOUS PATERNITY SUIT BROUGHT BY NON-CHILD PLAINTIFF




First case dismissed 
First case decided on merits
No
preclusive

effect
cases in footnote 2: Alabama, California, Florida,
Indiana, Maine, Maryland, Minnesota, New York,
Ohio, Rhode Island, Washington, West Virginia.
cases in footnote 5: Illinois,
North Carolina, Virginia.
Later suit 

precluded
cases in footnote 4: Arizona, Delaware.
cases in footnote 3: Arkansas,
Florida, Louisiana, Indiana,
New Hampshire, New Jersey.


Cases from the italicized states have expressed plainly that the nature of the disposition determines the outcome. While
Florida and Indiana courts have published cases dealing with each type of disposition, the Rhode Island court merely
advised that it would find that a decision on the merits bars a later suit regardless of who brought the earlier suit.
2.   See Guziejka v. Desgranges, 571 A.2d 32 (R.I. 1990); State ex rel. Dep't of Human
Servs. v. Benjamin, 395 S.E.2d 220 (W.Va. 1990); Johnson v. Hunter, 447 N.W.2d 871
(Minn. 1989); Ex parte Snow, 508 So.2d 266 (Ala. 1987); Johnson v. Norman, 421 N.E.2d
124 (Ohio 1981); Arsenault v. Carrier, 390 A.2d 1048 (Me. 1978); Jessica G. v. Hector M.,
653 A.2d 922, 929-31 (Md. Ct. App. 1995); Elacqua on behalf of Tiffany DD v. James EE,
610 N.Y.S.2d 354 (N.Y. App. Div. 1994); State of Washing ex rel. Dean by Mottet v. Dean,
783 P.2d 1099 (Wash. Ct. App. 1989); P.N.B. by J.L.S. v. J.L.D., 531 N.E.2d 1203 (Ind.
Ct. App. 1988); State Dept. of Health & Rehab. Servs. for Ward v. Wyatt, 475 So.2d 1332
(Fla. Dist. Ct. App. 1985); Ruddock v. Ohls, 154 Cal. Rptr.2d 87 (Cal. Ct. App.--5th Dist.
1979).
3.   See E.I.B. by I.J. v. J.R.B., 611 A.2d 662 (N.J. Super. Ct. App. Div. 1992); Dept. of
Human Servs. v. Seamster, 820 S.W.2d 298 (Ark. App. 1991); State Dept. of Health &
Rehab. Servs., Ofc. of Child Support Enforcement for Ricks v. Ricks, 530 So.2d 370 (Fla.
Dist. Ct. App. 1988); O'Bannon for O'Bannon v. Azar, 506 So.2d 522 (La. Ct. App.), cert.
denied, 511 so.2d 1158 (La. 1987); T.R. v. A.W. by Pearson, 470 N.E.2d 95 (Ind. Ct. App.
1984); Opinion of the Justices, 558 A.2d 454 (N.H. 1989).
4.   See Bradley v. Div. of Child Support Enforcement, 582 A.2d 478 (Del. 1990); Bill by
and through Bill v. Gossett, 647 P.2d 649 (Ariz. Ct. App. 1982).
5.   See Settle by and through Sullivan v. Beasley, 308 S.E.2d 288 (N.C. 1983);
Commonwealth Dept. of Social Servs. v. Johnson, 376 S.E.2d 787 (Va. App. 1989); Maller v.
Cohen, 531 N.E.2d 1029 (Ill. App. 1988), appeal denied, 537 N.E.2d 811 (Ill. 1989).