99-00150 In the Interest of James.wpd



No. 04-99-00150-CV


IN THE INTEREST OF Robert Craig Crayton JAMES, a Child





From the 45th Judicial District Court, Bexar County, Texas


Trial Court No. 98-CI-12385


Honorable Michael Peden, Judge Presiding


Opinion by: Karen Angelini, Justice

Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Karen Angelini, Justice


Delivered and Filed: February 29, 2000

AFFIRMED

Background

 Robert Craig Crayton James ("James") brought suit against Robert Travis Crayton
("Crayton") seeking a determination of paternity. Crayton filed a general denial, a motion to dismiss,
and a motion for sanctions. In his motion to dismiss, Crayton alleged that in a final divorce decree,
the trial court entered an order declaring Willie James the biological father of Robert James. He
further argued that according to the Texas Family Code, this order acts as a bar to a subsequent
paternity suit. The trial court granted Crayton's motion and dismissed the suit with prejudice. 

 James appeals the trial court's dismissal in one issue, claiming the trial court erred in
dismissing his petition to establish paternity. We affirm the trial court's dismissal.

Discussion

 In his sole issue, James alleges the trial court erred in dismissing his case with prejudice
because he was neither a party to the initial divorce proceeding, nor was he represented by counsel,
a guardian ad litem, or an attorney ad litem. He further submits that no court has ever adjudicated him
to be the biological child of any man, rendering Section 160.007(a) of the Texas Family Code
inapplicable to his case. 

 The Texas Family Code provides that "on a finding of the court ..., the court shall render a
final order declaring whether an alleged parent is the biological parent of the child." Tex. Fam. Code
Ann. § 160.006(a) (Vernon 2000). Such an order creates a parent-child relationship between the
parent and the child for all purposes. Id. Where a court of competent jurisdiction has rendered a final
judgment adjudicating a named individual to be the biological father of a child, a subsequent suit to
determine parentage of that child is barred. See Tex. Fam. Code Ann. § 160.007(a)(1) (Vernon
2000). 

 The Texas Supreme Court faced the opportunity to address the issue of whether a finding in
a divorce decree that a husband and wife were the parents of certain children barred a later action by
the children to establish that someone else was their biological father in Dreyer v. Greene, 871
S.W.2d 697 (Tex. 1993). In Dreyer, Kathleen Dreyer alleged in her divorce petition that she and
Thorne Dreyer were the parents of three children. Id. After Thorne did not respond, the trial court
entered a default judgment against him. Id. The children were not represented by a guardian ad litem.
Id. In its final divorce decree, the court found that Kathleen and Thorne were the children's parents. 

 Less than two months after an order requiring Thorne to pay child support was signed,
Kathleen initiated a proceeding to establish that Philip S. Greene was the father of her twin boys. Id.
at 698. The trial court granted Greene's motion to dismiss on the grounds that the action was barred
by section 13.44 of the Texas Family Code. Id. (1) 

 On appeal, Kathleen argued that the trial court's finding that Thorne was the father of the
children did not necessarily mean that he was their biological father. Id. However, the Supreme Court
rejected her argument and concluded that the trial court's findings did constitute an adjudication
declaring Thorne to be the boys' biological father. Therefore the subsequent suit alleging paternity
was barred. Id. In reaching its conclusion, the court reasoned that "it is implausible that the [trial]
court would have chosen [the word parents] to refer, without qualification or explanation, to both
the biological relationship between [the wife] and the children and some other relationship involving
[the husband]." 

 We find the facts in Dreyer are analogous to those in the case before us and we agree with
the Supreme Court's reasoning therein. Here, Katherine James obtained a default judgment against
Willie James in the initial divorce proceeding. The divorce decree specifically states that "[Katherine
Ann James] and [Willie James] are the parents of ... Robert Craig Crayton James." Nevertheless,
James contends that this statement did not specifically adjudicate the issue of whether Willie James
is his biological father. We do not agree with this assertion and conclude that the divorce decree
constitutes an adjudication that Willie James is James's biological father. See Dreyer, 871 S.W.2d at
698; In the Interest of A.L.J., 929 S.W.2d 467, 471 (Tex. App. -Tyler 1996, writ denied); see also
Espree v. Guillory, 753 S.W.2d 722, 724 (Tex. App. -Houston [1st Dist.] 1988, no writ)(stating that
a finding in a divorce judgment that a child was born during the marriage of the parties is analogous
to a finding that the husband is the father of the child).

 James additionally complains that because he was unrepresented at the divorce proceeding,
the divorce decree does not bar his current suit. In making this assertion, James relies on this court's
opinion in Attorney General of Texas v. Ridge, 773 S.W.2d 645 (Tex. App. - San Antonio 1989, writ
denied). As in Dreyer, the mother of the child in Ridge brought a suit to establish paternity against
her husband after they had acknowledged that he was not the father of the child in an agreed divorce
decree. Id. This court found that while the divorce decree was res judicata as to the husband and wife,
the divorce decree was not res judicata as to the issue of paternity brought by the child. Id. at 648.
The trial court based its conclusion on the fact that the child was not a party to the initial divorce
proceedings, nor were the child's interests represented in the proceeding. Id. 

 The Ridge case is factually distinct from the case before us and therefore James's reliance
upon it is misplaced. In Ridge, the husband and wife agreed that the husband was not the biological
father of the child, and the trial court entered a finding to reflect that stipulation, essentially leaving
the child without a father. The child was therefore not a party to the divorce action and his interests
were not represented in the divorce action. In this case, however, Katherine alleged in her original
petition that James was a child of her marriage to Willie James. By doing so, she gave the trial court
the opportunity to consider James's interests in reaching its final divorce decree and the trial court
in fact did so by naming Katherine the managing conservator and naming Willie the possessory 

conservator of James. Because James's interests were represented, we find the divorce decree acts
to bar his current claim. We, therefore, affirm the trial court's judgment of dismissal. 


 Karen Angelini, Justice

DO NOT PUBLISH


1. Section 13.44 of the Texas Family Code has been renumbered and is now Section 160.007 under the current
version of the Code.