# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00180-CV

---

**In the Interest of L. G. J.**

---

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV39274, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

---

## C O N C U R R I N G   O P I N I O N

Although I agree with the Court's disposition dismissing this appeal for want of jurisdiction, I write separately to explain the different basis on which I believe we have no jurisdiction.

The case below began with an Application for Protective Order and supporting affidavit on December 18, 2018, by E.S.A. (Applicant) against R.C.J. (Respondent). Applicant alleged that Respondent had "threatened [her] for years," "hit [her] head," and committed family violence against her as the term "family violence" is defined in Family Code Section 71.004. *See* Tex. Fam. Code § 71.004. Applicant sought in her application a "Temporary Ex Parte Protective Order" and "Protective Order," among other relief, to prohibit Respondent from committing family violence against or communicating with Applicant and two minor children, G.Z.J. and L.G.J., and from being within certain distances of Applicant and said children or their various locations. The Application sought no relief for possession of the children, for prohibiting removal of the children from Applicant, or for support of the children. *See id.* §§ 82.001–.043

(prescribing procedures for application for protective order); *cf. id.* § 85.021 (outlining permissive contents of protective order, including that court may provide for possession and access to child or for payment of child support). On December 18, the trial court signed a "Temporary Protective Order and Show Cause Order" incorporating the relief sought in the Application temporarily until a protective-order show-cause hearing on January 2, 2019. On January 2, the trial court signed an "Order Extending Temporary Ex Parte Protective Order and Resetting Hearing on Protective Order," continuing the same temporary orders from December 18 and resetting a show-cause hearing on the Applicant's request for protective order to January 18, 2019. The clerk's record, including a "Civil Court Docket," does not reflect any activity in the trial court on January 18.

The trial court eventually heard the Application on February 7, 2019, and incorporated its previous temporary orders into its "Protective Order" signed March 13, 2019, to remain in effect until February 7, 2021. The clerk's record before this Court reflects no other trial-court pleadings, including any pleadings to rescind any Acknowledgment of Paternity, before February 7, 2019, and no motions or orders after March 13, 2019 extending the court's plenary jurisdiction. The clerk's record reflects no further entries until July 15, 2019.

Family-violence protective orders that dispose of all parties and issues are final and appealable despite the trial court's continuing jurisdiction to modify the order. *B.C. v. Rhodes*, 116 S.W.3d 878, 881–82 (Tex. App.—Austin 2003, no pet.); *Cooke v. Cooke*, 65 S.W.3d 785, 788 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. Fam. Code § 85.025(b) (stating that person subject to protective order may, no earlier than one year after order's rendition, file motion requesting court to review whether there is continuing need for order); *Roper v. Jolliffe*, 493 S.W.3d 624, 633–34 (Tex. App.—Dallas 2015, pet. denied) (noting that because family-

2

violence protective order is statutory remedy whose purpose is to "provide an expedited procedure for victims of domestic violence" but not to correct past wrongs or establish liability, no underlying cause of action or liability finding is required before court may grant one).

The March 13, 2019 protective order disposed of all issues and parties because the only issue before the trial court was E.S.A.'s request for a protective order, and the only parties were E.S.A. and R.C.J.[1] Also, the absence of a Mother Hubbard clause does not preclude the protective order from being final. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 204–06 (Tex. 2001) (noting that although Mother Hubbard clause may clarify whether order is final, such clause is not requisite of final orders, and some orders that contain such clauses are nonetheless interlocutory because dispositive test is whether order "actually disposes" of all pending claims and parties). Moreover, that the protective order granted E.S.A. only some of the equitable relief she requested (i.e., relief from certain proscribed conduct of R.C.J. as to E.S.A.), rather than the more extensive relief she requested (i.e., relief from certain proscribed conduct of R.C.J. as to E.S.A. *and* as to the children), does not mean it did not dispose of all issues between the parties.[2] The only live pleading on file when the evidentiary hearing occurred was E.S.A.'s application for a protective order. After the evidentiary hearing, the trial court rendered such order.

---

[1] Although the children's names appeared in the caption—i.e., "In the Interest of . . ."—such designation did not make the children parties any more than children are parties in SAPCRs unless specifically designated so. *See, e.g.*, *R.M.H. by Gabert v. Messick*, 828 S.W.2d 226, 228 (Tex. App.—Fort Worth 1992, no writ.) (noting that child is not necessary party to paternity suit but may appear as one through court-authorized representative); *see also* Tex. Fam. Code § 102.003 (listing among persons who may file original SAPCR "the child through a representative authorized by the court").

[2] At the hearing, the trial court noted that a family-law suit between the parties was likely imminent and that although it was issuing a "limited protective order" with respect to R.C.J.'s contact with only E.S.A. rather than extending it to the children as E.S.A. requested, the order would effectively "extend to the children" because R.C.J.'s contact with the children could likely occur only through contact with E.S.A., which was henceforth enjoined.

3

Accordingly, I would hold that (1) the protective order was a final, appealable order, and (2) because it is undisputed that no party timely perfected an appeal from that order, this Court is without jurisdiction over this cause.

Furthermore, to the extent that the Office of the Attorney General (OAG) seeks to appeal from the trial court's February 5, 2020 Order Granting Respondent's Motion to Strike Order for New Trial,[3] I would conclude that such order—as well as the trial court's Agreed Order of Recission of Acknowledgment of Paternity (July 16, 2019) and Order on Motion for New Trial (October 4, 2019)—is void because it was signed after the trial court's plenary power had expired. *See Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.) (noting that judicial actions taken after expiration of court's plenary power are nullities, and orders signed outside court's plenary jurisdiction are void); *see also* Tex. R. Civ. P. 329b (outlining period of plenary power and applicable extensions thereof); *Ivarra v. American GI Forum of U.S., Inc.*, No. 03-12-00580-CV, 2013 WL 1955853, at \*1 (Tex. App.—Austin May 10, 2013, no pet.) (mem. op.) (noting that motion for new trial filed by non-party is merely "an unofficial plea" for court to exercise discretion to set aside judgment during period of plenary power but is ineffective to extend plenary power). We therefore have no jurisdiction

---

[3] For reasons that are not clear from the record, the parties continued filing documents with the trial court after it rendered the protective order, including filing an "Alternative Dispute [Resolution] Statement" on March 19, 2019 (filed by the Assistant District Attorney) and a "Rescission of Acknowledgment of Paternity by R.C.J." concerning L.G.J. on July 15, 2019. On July 16, 2019, the trial court signed two "Agreed Order[s] of Recission of Acknowledgment of Paternity by R.C.J." concerning, respectively, L.G.J. and G.Z.J. Meanwhile, on April 2, 2019, the OAG filed a suit affecting the parent-child relationship (SAPCR) concerning L.G.J. in Hays County district court. On August 9, 2019, the OAG filed a motion for new trial in this Milam County cause, asserting that it is a necessary party to the agreed order of recission of acknowledgment of paternity concerning L.G.J. The trial court signed at least two orders thereafter, including one granting the OAG's motion for new trial and one granting R.C.J.'s motion to strike order for new trial, the latter of which is what the OAG refers to as the "final judgment" in its notice of appeal.

4

over the OAG's attempt to appeal from such orders. *See Parson v. Lakewind, LLC*, No. 06-15-00035-CV, 2015 WL 9434668, at \*1 (Tex. App.—Texarkana Sept. 16, 2015, pet. dism'd) (mem. op.) (dismissing appeal for lack of jurisdiction because order from which appellant attempted to appeal was signed after trial court's plenary power was expired and was thus void); *In re M.V.*, No. 14-08-00418-CV, 2009 WL 6407539, at \*1 n.1 (Tex. App.—Houston [14th Dist.] Sept. 1, 2009, no pet.) (mem. op.) (noting that even though parties did not challenge validity of order, appellate court would sua sponte address whether order was void because appellate courts have no jurisdiction over void judgments and must simply declare such judgments void and dismiss appeal (citing *Waite v. Waite*, 150 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2004, pet. denied))).

It is for these reasons that I write separately, although I concur with the Court's disposition dismissing this appeal for want of jurisdiction.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Filed: February 24, 2022

5