IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00151-CV

 

In the
Interest of W.O., a Child

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 07-001152-CV-85

 



ORDER










 

        Mona Hayward has appealed the
trial court’s final order terminating the parent-child relationship between Hayward and W. O., Jr.  Hayward now appeals the trial court’s ruling on Hayward’s motion for a free record on appeal of that order under Texas Family Code Section
263.405.  See Tex. Fam. Code Ann.
§ 263.405 (Vernon Supp. 2007).  We dismiss as moot and order briefing on
the merits.

        In Hayward’s one issue, she
contends that the trial court found that Hayward’s appeal was frivolous, and
thus erred.  In an appeal under Family Code Section 263.405, a parent is
entitled to a free record only if the appeal is not frivolous in the terms of
Texas Civil Practice and Remedies Code Section 13.003(b).  See Tex. Fam. Code Ann. § 263.405(d); Tex. Civ. Prac. & Rem. Code Ann.
§ 13.003(b) (Vernon 2002).  

        Although the trial court
orally stated that Hayward’s appeal was frivolous, the trial court’s written
order granted Hayward’s motion for a free record.  We have before us a complete
record of the trial on the merits of the petition for termination.  The trial
court granted Hayward all the relief that she requested.  Hayward’s appeal of
the trial court’s ruling on Hayward’s motion is moot, and we dismiss it.

        Hayward’s brief on the merits
of the trial court’s final termination order is due twenty days after the date
of this order.  The Texas Department of Family and Protective Services’ brief
is due twenty days after Hayward’s brief is filed.  We may grant motions for
extension of time to file the briefs only on a showing of good cause.  See Tex. Fam. Code Ann. § 263.405(h).

 

PER CURIAM

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Appeal of ruling on motion for free record on
appeal dismissed as moot

Briefing on merits in appeal of final
termination order ordered

Order issued and filed July 16, 2008

[CV06]






gin-right: -0.0625in">                                                                                                                 

      While Lisa was married to Jerry and working for Cully as a secretary at his law firm, she and
Cully had an affair. During that time, Lisa became pregnant. She and Jerry separated, and she
filed for divorce, with another lawyer at Cully's firm representing her. A “Final Decree of
Divorce,” approved “as to form and substance” by both Jerry and Lisa and their attorneys, was
entered on November 11, 1986, more than five months after the child was born. The decree found
as a fact that Jerry is the father of the child and contains provisions relating to conservatorship,
visitation, and support. No appeal was taken and the decree became final. In 1989, it was
modified as to support and visitation in ways not material to our consideration.
      In 1994, Jerry obtained paternity tests, which he believes exclude him as the biological father
of the child.



      The parties entered into negotiations, and after they failed to resolve their differences, Jerry
sued Lisa, Cully, and the law firm (“the defendants”). He alleged claims for (1) negligent
misrepresentation, (2) professional negligence, (3) ordinary negligence, (4) gross negligence, (5)
fraud, (6) intentional infliction of emotional distress, and (7) violations of the Deceptive Trade
Practices Act (DTPA).
      The defendants responded that the 1986 decree of divorce bars all of Jerry's claims. They filed
a motion for summary judgment with supporting evidence asserting (1) the decree is res judicata
to any suit involving paternity of the child, (2) Jerry cannot collaterally attack the 1986 decree, (3)
Jerry knew of the affair, yet agreed to be named as the child's father, (4) section 160.007 of the
Family Code prohibits the relief Jerry seeks, (5) Jerry's claims smack of “alienation of affection”
claims, which have been abolished in Texas, (6) the law firm owed no duty to Jerry, who was not
its client, and (7) Jerry was not a “consumer” under the DTPA.
      Jerry excepted to the motion, objected to part of the summary-judgment evidence, and
responded generally to the motion. He also asked for a continuance. The court overruled his
exceptions and objections, and granted a summary judgment.



      Jerry's appeal presents four points of error. He alleges that the court erred in failing to grant
his motion for continuance and in overruling his objections to improper summary-judgment
evidence and in considering that evidence. He also attacks the court's ruling that res judicata bars
all of his claims for damages. Finally, he asserts a general point attacking all of the defendant's
other grounds for the summary judgment.
      The defendants reply that the court correctly followed established summary-judgment
procedures and acted properly in entering the summary judgment. By a cross-point they assert that
the appeal is frivolous, justifying an award of delay damages under appellate rule 84. Tex. R. App.
P. 84.
      Ordinarily we would address Jerry's procedural points first to determine if the court acted
precipitously in granting the summary judgment or considered the wrong body of evidence in
making its determination. The dispositive question, however, is whether res judicata bars all of
Jerry's claims, the subject of his third point of error. We will address it first.
      The defendants stake their claim in this court, and did so in the court below, on the defense 
of res judicata. They point out that “paternity [of the child] is the crux of [Jerry's] dispute with
the [defendants].” Because, they say, the 1986 decree determined that Jerry was the child's father,
he cannot relitigate that fact, which he would be required to do to prevail on any of his present
claims. We agree.
      Res judicata is an affirmative defense. Tex. R. Civ. P. 94. The court's summary judgment
in favor of the defendants is based on the theory that the defense bars all of Jerry's claims. Thus,
we look to the rules by which we review such a judgment. A summary judgment for a defendant
disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed
upon any theory pled. Butcher v. Scott, 906 S.W.2d 14, 15 (Tex. 1995). A defendant who
conclusively establishes each element of an affirmative defense is entitled to summary judgment. 
Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In reviewing a
summary judgment, we must accept all evidence favorable to the non-movant as true, indulging
every reasonable inference and resolving all doubts in favor of the non-movant. El Chico Corp.
v. Poole, 732 S.W.2d 306, 315 (Tex. 1987). We note, however, that other facts presented by the
summary-judgment evidence are of no consequence if the 1986 decree bars all of the claims.
      Res judicata is a well-established doctrine in Texas. Last year, the Supreme Court summarized 
its holdings in Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652-53 (Tex. 1996):
Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise
out of the same subject matter and that could have been litigated in the prior action. Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex.1992). It requires proof of the following
elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2)
identity of parties or those in privity with them; and (3) a second action based on the same
claims as were raised or could have been raised in the first action. See Texas Water Rights
Comm'n v. Crow Iron Works, 582 S.W.2d 768, 771-72 (Tex.1979). 
. . . 
Generally people are not bound by a judgment in a suit to which they were not parties. 
See Tex.Civ.Prac.& Rem.Code § 37.006(a). The doctrine of res judicata creates an
exception to this rule by forbidding a second suit arising out of the same subject matter of an
earlier suit by those in privity with the parties to the original suit. See Crow Iron Works, 582
S.W.2d at 771-72. The purposes of the exception are to ensure that a defendant is not twice
vexed for the same acts, and to achieve judicial economy by precluding those who have had
a fair trial from relitigating claims. Benson v. Wanda Petroleum Co., 468 S.W.2d 361, 363
(Tex.1971).
People can be in privity in at least three ways: (1) they can control an action even if they
are not parties to it; (2) their interests can be represented by a party to the action; or (3) they
can be successors in interest, deriving their claims through a party to the prior action. Getty
Oil Co. v. Insurance Co. of N. Am., 845 S.W.2d 794, 800 (Tex.1992); Benson, 468 S.W.2d
at 363.
 
      Section 160.007 of the Family Code (formerly section 13.44)


 is a special codification of the
doctrine of res judicata with respect to the parent-child relationship. Tex. Fam. Code Ann. §
160.007 (Vernon 1996). It provides that a final judgment by a court of competent jurisdiction
naming an individual as the biological father of a child bars a later suit affecting the parent-child
relationship with respect to that child. Id.
      Jerry argues that he is not seeking to modify the parent-child relationship, modify his
obligation to support the child, adjudicate that he is not the child's biological father, or adjudicate
that Cully is the child's father. Rather, he says, the issue is whether the prior decree precludes him
from pursuing “a tort claim for damages against the attorney, his firm, and the woman who had
defrauded [him] into entering into that judgment, the same judgment which those parties now assert
is res judicata as to the claims against them.” What he overlooks is that, to prevail on any claim
he asserts, he must prove that he is not the child's father or that Cully is the child's father.       In Dreyer v. Greene, 871 S.W.2d 697, 697 (Tex. 1993), the Supreme Court court posed the
question “whether a finding in a divorce decree that husband and wife are parents of certain
children bars [under section 13.44] a later action by the children to establish that someone else is
their biological father.” The Court answered in the affirmative, citing Walters v. Walters, 565
S.W.2d 586, 587 (Tex. Civ. App.—Austin 1978, no writ), and Thompson v. Thompson, 572
S.W.2d 761, 764-65 (Tex. Civ. App.—Tyler 1978, no writ). Id. at 698.
      The Dreyer rule is illustrative of our long-standing policy that, once parentage has been
established, it may not be relitigated.


 The 1986 decree found as a fact that Jerry is the child's
father. Under the rationale of the Dreyer holding and because of the affirmative defense of res
judicata, Jerry is precluded from asserting in another proceeding that someone else is the father. 
We overrule point three.
      Having determined the substantive question, we address the question presented by point
one—whether a continuance should have been granted. Jerry says that the motion for continuance
was necessary because he needed additional discovery to develop his theory of the case, because
the court granted the defendants leave to file additional summary-judgment evidence just ten days
before the hearing (three days before his response was due), and because the defendants did not file
their brief in support of their motion until after his response was due.
      The defendants point out that the hearing on the motion for continuance was set for the same
hour as the hearing on their motion for summary judgment. When the case was called, Jerry's
counsel was not present, and the court began the hearing on their motion. When counsel arrived,
the court directed him to present Jerry's response to the request for summary judgment. Although
counsel mentioned the continuance, it was not timely because the hearing on the motion for
summary judgment had already begun. The record shows that at the conclusion of the hearing, the
court overruled the exceptions to the motion for summary judgment and the objections to the
summary-judgment evidence, but did not rule on the motion for continuance. Thus, the complaint
was waived by failing to obtain a ruling. Tex. R. App. P. 52(a). 
      Alternatively, the court would have been justified in overruling the motion because the hearing
on the motion for summary judgment had begun and because the court was in the best position to
determine whether additional time was required for discovery of material evidence. Thus, we
cannot say that the court would have abused its discretion in denying the motion for continuance. 
Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); Verkin v. Southwest Center One, Ltd., 784
S.W.2d 92, 94 (Tex. App.—Houston [1st Dist.] 1989, writ denied). Finally, had the court erred
in refusing the continuance, the error was rendered harmless by its ruling that res judicata barred
all of Jerry's claims. Tex. R. App. P. 81(b)(1). Because we have determined that the 1986 decree
that Jerry is the child's father bars all of his claims, no amount of additional evidence could have
changed the result. Id. We overrule point one.
      Jerry's second point asserts that the court erred in considering objectionable and improper
summary-judgment evidence. He objected to: (1) Lisa's testimony that she did not know or suspect
that Cully was the child's father until 1994; (2) testimony of members of the law firm about their
knowledge of paternity and intentions about the divorce suit; and (3) testimony from members of
the firm about which they could not have had personal knowledge. He points out that a summary
judgment may only be granted on the testimony of an interested witness when that evidence is
“clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and
could have been readily controverted.” Tex. R. Civ. P. 166a(c); Casso v. Brand, 776 S.W.2d 551,
558 (Tex. 1989).
      Although the defendants contend that the summary-judgment evidence meets the Casso test,
we do not reach that question. The elimination of all of the objected-to evidence from the court's
consideration would not have changed the court's ruling that res judicata barred all of Jerry's
claims. Because we have sustained that ruling, any error in denying his objections to the summary-judgment evidence was not such a denial of his rights as was calculated to cause or probably did
cause rendition of an improper judgment. Tex. R. App. P. 81(b)(1). We overrule point two.
      Having sustained the court's ruling that res judicata bars all of Jerry's asserted claims, we do
not reach his final point attacking the court's summary-judgment ruling on other grounds. 
      We must dispose of the defendants' cross-point seeking delay damages. These are unusual
facts. The law that the trial court applied and that we apply has been well established for many
years. The record shows that the defendants presented their position to Jerry's counsel, but Jerry
proceeded with the suit. Nevertheless, we do not find that the appeal was taken for delay and
without sufficient cause. Id. 84. Thus, we overrule the cross-point.
      We affirm the judgment. 
 
                                                                       BILL VANCE
                                                                       Justice
 
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 1, 1997
Do not publish